## Richmond

### NATIONWIDE MUTUAL INSURANCE COMPANY v. JEWEL TEA COMPANY, INCORPORATED.

March 6, 1961.

Record No. 5194.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*George P. Young* and *Campbell & Campbell,* for the appellant.

*Thomas F. Walker,* for the appellee.

Case submitted on briefs.

SNEAD, J., delivered the opinion of the court.

Ralph D. Hilton and Nationwide Mutual Insurance Company instituted a suit in equity against Jewel Tea Company, Incorporated, to obtain contribution from Jewel as a joint tort-feasor after Nationwide had settled claims for personal injuries and property damage resulting from an automobile collision. Respondent demurred to the bill and also filed a motion to strike and dismiss it. By decree entered January 26, 1960, the demurrer and motion were sustained and the bill was dismissed with leave to amend. In the decree Nationwide's motion to amend the bill by omitting Ralph D. Hilton as a party complainant, but in all other respects to remain the same, was granted, and Jewel's demurrer to the amended bill and motion to strike were sustained and the amended bill was dismissed. Complainant assigned error to the entry of this decree and we granted an appeal.

The bill alleged that complainant issued to Ralph D. Hilton a policy of indemnity insurance on his 1953 Chevrolet automobile. On December 17, 1956, the car was being operated by his son, Randolph Hilton, on business of his own and not as agent of his father when

the vehicle collided with another owned and operated by Dr. F. F. Buck, in which James C. Lyons was riding, on Route 680 in Wythe county approximately in front of the residence of W. T. Musser. The highway extends in a northerly and southerly direction and just north of the point of collision there is a sharp curve to the west. Randolph was proceeding in the southbound lane and Dr. Buck was proceeding north in the other lane. Musser's home is on the west side of the road. His front yard slopes in a steep bank at the base of which is a rock wall that obstructs the vision of motorists rounding the curve. Just south of the point of the curve Jewel's panel delivery truck, headed north, was parked on the west side of the road in front of the Musser property, partly on the hard surface and partly off of it. As Randolph Hilton approached the curve he veered his vehicle to the left in order to pass the truck. At that moment the car driven by Dr. Buck proceeding in the northbound lane appeared and the two vehicles collided.

The bill further alleged that Jewel's driver was negligent in parking or stopping his truck in such a manner as to impede or render dangerous the use of the highway by others; that Randolph Hilton was negligent in operating his vehicle without having it under proper control and without keeping a proper lookout, and that as a result of their concurring negligence Dr. Buck's car was damaged and Lyons received personal injuries.

It was also alleged that complainant promptly entered into negotiations with Dr. Buck and Lyons and settled their claims on January 21, 1957, for the total sum of $2,555.74, which it says was reasonable, so as "to avoid the expense of litigation and in view of the liability of said Jewel Tea Company and the said Randolph Hilton (who was covered for liability insurance under the policy of * * * Ralph D. Hilton under the omnibus coverage clause)"; that complainant unsuccessfully undertook to obtain from respondent contribution of one-half of said payments; that the negligence of respondent was judicially determined in an action brought by Ralph D. Hilton against respondent for damages to his car, wherein he recovered a judgment upon which a writ of error was refused by this court; that complainant is entitled to be subrogated to the right of Ralph D. Hilton to contribution because of the settlements made by it under the policy of indemnity insurance; that it was important that the claims be settled promptly, and that the torts were mere acts of negligence and involved no moral turpitude.

The bill prayed that respondent be required to pay to complainant, by way of contribution, $1,277.88, being one-half of the amount of the two claims settled.

It is contended by complainant that it made payments to Dr. Buck and Lyons on behalf of Randolph Hilton, an additional assured under his father's policy, and by virtue of such payments it is entitled to contribution from Jewel as joint tort-feasor.

Respondent challenges complainant's allegation in the bill that it was entitled to be subrogated to the right of Ralph D. Hilton to contribution because of the settlements made by it on his behalf under the policy. It maintains that Ralph D. Hilton, who was the bailor, had no such right as he was not liable for damages to either Dr. Buck or Lyons. With this we agree. However, complainant also alleged it made the settlements in view of the liability of Jewel and Randolph Hilton, who was covered as an additional assured under the omnibus clause of the policy issued to his father. The latter allegation, together with others in the bill, stated a sufficient case for contribution.

■ No right of contribution among wrongdoers existed at common law. 4 M. J., Contribution, § 22, p. 527, note 10, and cases there cited. That right is now given by § 8-627, Code 1950, and may be enforced when the wrong is a mere act of negligence and involves no moral turpitude. To enforce contribution against a joint tort-feasor a cause of action by the person injured against that wrongdoer must lie. Nationwide insists that because the Buck car was in its proper lane when struck, the concurring negligence of Jewel and Randolph Hilton was the proximate cause of the damage to Dr. Buck's automobile and the personal injury to Lyons and both Dr. Buck and Lyons had causes of action against the joint tort-feasors. Complainant maintains that the interests of Nationwide and Jewel were served by complainant's making prompt and reasonable settlements of the claims and that it is entitled to enforce the right of contribution possessed by Randolph Hilton, its additional assured. Randolph Hilton's right of contribution is dependent upon a determination of the issues of whether the joint negligence of Randolph Hilton and Jewel's agent was the proximate cause of the injuries sustained by Dr. Buck and Lyons, and whether Dr. Buck and Lyons were contributorily negligent.

The principle of subrogation has been liberally applied in Virginia. *Federal Land Bank* v. *Joynes*, 179 Va. 394, 402, 18 S. E. 2d 917. The right to contribution is not a personal right of the tort-feasor but is

a chose in action to which an insurer may be subrogated. *McKay* v. *Citizens Rapid Transit Company*, 190 Va. 851, 859, 59 S. E. 2d 121. The insurance company was indemnitor of its additional assured, Randolph Hilton, and because he was an alleged tort-feasor, it could, upon making settlement of the claims in his behalf, be subrogated to his right of contribution from a joint tort-feasor.

A right of action for contribution will lie though no previous judgment determining the issues of negligence and contributory negligence has been obtained. Some jurisdictions require that a judgment be obtained against both tort-feasors and paid by one before he may seek contribution from the other. Annotation 85 A. L. R. 1091; 122 A. L. R. 520; 141 A. L. R. 1207. There is nothing in our statute which requires that the issues of negligence and contributory negligence be adjudicated before an action for contribution may be brought. It is, however, necessary that the injured person have a cause of action against the tort-feasor from whom contribution is sought. If the alleged joint tort-feasor challenges the right to contribution on the grounds that the compromise settlement is unreasonable, excessive, made in bad faith, or that he was not concurrently negligent, or that his negligence was not a proximate cause of the injuries compromised, he may, in the suit for contribution, produce evidence to rebut the allegation and proof of negligence and show that the compromise was unreasonable and excessive, and have the issues adjudicated. *Consolidated Coach Corp.* v. *Burge*, 245 Ky. 631, 54 S. W. 2d 16, 85 A. L. R. 1086. Respondent is not bound by the compromise settlements since it was not a party to them, nor is it deprived of a trial by jury as to its liability for the damages sustained by Dr. Buck and Lyons. Complainant must establish the negligence of both Randolph Hilton and Jewel as concurring causes of the injuries; Jewel has the right to rebut the evidence tending to show its negligence or that it was a proximate cause of the injuries. The burden is upon Jewel to show that the compromises were not made in good faith or that they were unreasonable and excessive if such is a defense. 13 Am. Jur., Contribution, § 119, p. 98.

There is no merit in respondent's contention that Nationwide's claim is barred by the statute of limitations. In its answer it alleges that Lyons' claim for personal injury against either Hilton, Dr. Buck, or Nationwide existed for one year from the date of the accident and is barred now by the statute of limitations.

The basic principle of equity is that where two or more persons are

subject jointly to liability, it should be borne by them equally. The right to contribution is not based upon express contract or agreement. Code section 8-627 specifically states that contribution may be enforced between wrongdoers when the act of negligence involves no moral turpitude. This is a right that is given by statute and arises when, and only when, one tort-feasor has paid a claim for which they are both liable. The right of action arises upon payment or discharge of the obligation, and it is then that the statute of limitations begins to run. *Van Winckel* v. *Carter*, 198 Va. 550, 556, 95 S. E. 2d 148; *McKay* v. *Citizens Rapid Transit Co.*, *supra*, at pages 857, 858; 13 Am. Jur., Contribution, § 88, p. 77.

In *McKay* v. *Citizens Rapid Transit*, *supra*, at pages 858, 859, we said:

"We therefore hold that the statute of limitations did not begin to run until the payment was made by the indemnitors through the transit company to Mrs. Patrick, and that even if the one-year statute could have applied, less than a year had expired before bringing this action. However, we are of opinion that the one-year statute has no application, but that the cause of action in cases of this kind arises out of an implied promise to pay, and therefore the three-year statute of limitations would apply. 18 C. J. S., Contribution, sec. 13-b, p. 22; 13 Am. Jur., Contribution, sec. 84, p. 75; *Houston* v. *Bain*, 170 Va. 378, 196 S. E. 657."

Here Nationwide settled the claims of Dr. Buck and Lyons by making payment in compromise on January 21, 1957, and this suit was brought on May 27, 1959, well within the three-year statute of limitations.

■ Respondent contends that complainant should be barred from recovery in its suit for contribution because it is splitting its cause of action and is harassing defendant with a multiplicity of suits. It maintains that there was only one insurance carrier, Nationwide, which carried both liability and property damage on the Hilton car. It admits that Dr. Buck, Lyons and Ralph Hilton each had a right to sue the various defendants in separate actions at law for his respective damages; however, it asserts that once complainant acquired all of these claims arising from one incident or happening, the complainant was bound by the rule against splitting causes of action, and the judgment in the subrogation case of *Ralph D. Hilton* v. *Jewel Tea Company* awarding Hilton property damages should be a bar to the present suit by complainant. This overlooks the fact that there

arose out of the accident several causes of action which could have been brought by the separate plaintiffs against respondent at different times. There was no requirement that they be brought together or at the same time, and had they been paid by Nationwide at different times, it would still have been entitled to contribution from respondent in each instance upon proof that respondent's agent was a joint tort-feasor in commission of the negligent act causing the various injuries.

Respondent attacks the holding in *Carter* v. *Hinkle*, 189 Va. 1, 52 S. E. 2d 135, in which this court followed the minority rule in allowing a plaintiff to institute separate actions for personal injuries and for property damage arising out of the same tort. It argues that the primary reason for the rule is that different insurance carriers may become subrogated to different elements of the damages, and contends that such a situation does not exist here. For an annotation discussing the majority and minority rules, see 62 A. L. R. 2d 997; the Virginia rule is set out on page 1001.

In the present case no one plaintiff was suing separately for property and personal injury damages; rather the claim of Dr. Buck was for property damage, that of Lyons for personal injuries, and once paid by complainant, it filed only one suit to enforce contribution of respondent after its compromise settlement with the two claimants. Had complainant settled with Lyons within one year and later settled with Dr. Buck, it could have enforced its rights of contribution a year or more apart and yet been entitled, on proof of concurring negligence, to recover one-half of the amount paid the respective claimants. Rather than harassment by a multiplicity of suits, the joining of the two claims into one suit for contribution reduces the amount of litigation.

Respondent argues that when Nationwide brought action in behalf of Ralph Hilton against Jewel and recovered judgment, it should have joined the compromise settlements of Dr. Buck and Lyons and brought only one suit against Jewel for the three claims. This it could not have done for the right of action of Ralph Hilton, to which Nationwide was subrogated, was based not on Jewel's being a joint tort-feasor but was based on its primary negligence. No negligence could be attributed to Ralph Hilton, and it follows that he had no right of contribution. The only right of contribution existing as a result of that action was that of Jewel against Randolph Hilton as a joint tort-feasor, had Jewel so desired to proceed and had it proved Randolph's joint negligence in causing the damage to the Hilton car.

The present suit for contribution was separate and distinct. Complainant was subrogated to the right of Randolph Hilton, an additional assured under the policy, and was entitled to seek contribution for damages paid Dr. Buck and Lyons for which Randolph Hilton and Jewel might be jointly liable.

The decree appealed from is reversed and the case remanded for a determination of the issues presented.

*Reversed and remanded.*