**Phyllis C. RAMBONE, Plaintiff,**

v.

**Bruce Lee CRITZER and William W. Lee, Defendants and Third-Party Plaintiffs,**

v.

**Anthony J. RAMBONE, Third-Party Defendant.**

**Civ. A. No. 81–0074–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Oct. 8, 1982.

Griffith T. Garnett, III, Arlington, Va., for plaintiff.

Ronald W. Tweel, Charlottesville, Va., James W. Morris, III, Richmond, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff, Phyllis C. Rambone, brings this diversity action against defendants/third-party plaintiffs, Bruce Lee Critzer and William W. Lee, alleging that they negligently and recklessly operated a motor vehicle as to proximately cause the plaintiff to suffer various personal injuries. Messrs. Critzer and Lee have filed an answer and a third-party complaint against the plaintiff's husband, Anthony J. Rambone, for contribution. Defendants/third-party plaintiffs allege that Mr. Rambone operated his motor vehicle, in which the plaintiff was a passenger, in such a careless, negligent manner as to be the sole proximate cause or proximately contributing to the cause of the accident, and consequently the injury to the plaintiff. This action is now before the court on Mr. Anthony J. Rambone's motion to dismiss the third-party complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) Fed.R.Civ.P.

In his motion, Mr. Rambone asserts that if the third-party complaint states any claim on which relief can be granted, that claim must come from a substantive right created by state law, in this case, the sub-

stantive law of the Commonwealth of Virginia. Mr. Rambone asserts that under the facts of this case, the third-party plaintiffs are without any right to contribution under substantive Virginia law and, further, impleader and other devices, provided by Rule 14 of the Fed.R.Civ.P., are procedural vehicles only, and do not either create or alter substantive rights.

■ Undoubtedly Mr. Rambone is correct in his assertion that impleader is proper only where there is a substantive right to the relief sought. In diversity actions the law of the state governs on the existence of such substantive rights, and if, for example, a state recognizes no substantive right to contribution in particular circumstances, impleader for contribution cannot be allowed in the federal court. *Brown v. Cranston,* 132 F.2d 631 (2nd Cir.), *cert. denied,* 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698 (1942); *General Dynamics Corporation v. Adams,* 340 F.2d 271 (5th Cir. 1965). As Mr. Rambone points out, federal law requires that the administration of every procedural rule, "shall not abridge, enlarge, or modify any substantive right..." 28 U.S.C. § 2072. *See also, Uptagrafft v. United States,* 315 F.2d 200 (4th Cir.) *cert. denied,* 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 52 (1963). Therefore, the question before the court is whether Virginia substantive law provides the third-party plaintiffs with a presently existing cause of action for contribution against Mr. Rambone.

Mr. Rambone submits that state substantive law does not provide the third-party plaintiff with a cause of action for contribution because they have not made any payment to the plaintiff and because the plaintiff has no enforceable claim against Mr. Rambone in that the applicable statute of limitations has run. In addressing Mr. Rambone's first contention, the court must first address the nature of the right to contribution as it has evolved in Virginia.

At common law there was no contribution among joint tortfeasors, but that right was created by the Virginia General Assembly when it enacted Va.Code § 8–627 (1950), as amended (now § 8.01–34). In 1972, the Virginia Supreme Court adopted Rule 3:10, allowing a defending party, as a third-party plaintiff, to file and serve a third-party motion for judgment upon a person not a party to the action who is, or may be, liable to him for all or part of the plaintiff's claim against him. And in 1981, the Virginia General Assembly amended Va.Code § 8.01–281 (1977 replacement volume), specifically stating that a third-party claim may be for contribution, and may be based on future potential liability, and it shall be no defense thereto that the third-party plaintiff has made no payments. Indeed, in 1973, the Virginia Supreme Court, in discussing the nature of contribution, stated:

> Moreover, there is a valid distinction between the accrual of the equitable, inchoate right to contribution that arises at the time of jointly negligent acts and the maturation of the right to recover contribution that arises only after payment of an unequally large share of the common obligation. [citations omitted].

*Nationwide Insurance Co. v. Minnifield,* 213 Va. 797, 799, 196 S.E.2d 75 (1973).

■ In Virginia, it has repeatedly been held that there is no right to contribution until a payment has been made.[1] This court finds, however, that it is not critical to decision in this case that the state substantive law does not recognize the right to contribution until the original defendant has paid more than his pro rata share. *See,* 6 Wright & Miller, *Federal Practice & Pro-*

---

1. As the Virginia General Assembly recognized in 1981, when it amended § 8.01–281 to state that nonpayment shall be no defense to a claim for contribution, this court can find no logic in the Virginia cases that hold no cause of action for contribution exists prior to payment. *Eq., Nationwide Mutual v. Jewel Tea Company,* 202 Va. 527, 118 S.E.2d 646 (1961). If no cause of action for contribution exists prior to payment then, if payment is not made, for whatever reason, until after the applicable statute of limitations has run (See this court's ruling on Mr. Rambone's second defense) on any claim plaintiff may have against the third-party defendant, then the defendant will never have a right to contribution from a joint tort-feasor. This result could scarcely be countenanced, as contemplated in this line of cases.

cedure, § 1448, p. 264 (1971). Any judgment on the third-party claim does not become enforceable until after the common liability has been discharged by the original defendant. *Smith v. Whitmore,* 270 F.2d 741, 746 (3rd Cir. 1959); *Huggins v. Graves,* 210 F.Supp. 98 (1962), *aff'd* 337 F.2d 486 (6th Cir. 1964). Impleader under Rule 14, Fed.R.Civ.P., merely accelerates determination of liability and does not have the effect of enlarging any substantive rights. This court notes that on two occasions the Honorable Robert R. Merhige held that a motion to dismiss a claim for contribution, on the grounds that the claim was not ripe, must be denied. Judge Merhige reasoned that the liberal spirit of the federal rules mandated avoidance of duplicative litigation. *Gilbert v. General Electric Co.,* 59 F.R.D. 267 (ED/VA 1973); *Bell v. Federal Reserve Bank,* 57 F.R.D. 632 (ED/VA 1972). Accordingly, this court holds that the substantive law of Virginia does allow the third-party plaintiffs to bring an action for contribution against Mr. Rambone, despite no payment having been made.

■ Mr. Rambone next contends that the third-party complaint must be dismissed because the plaintiff has no enforceable cause of action she can bring against him. Mr. Rambone states that at the time the defendants brought their third-party complaint more than two years had elapsed since the plaintiff incurred her alleged injuries, and thus the applicable statute of limitations is a bar to any claim Mrs. Rambone would have against her husband for personal injuries. Thus, the question before the court is whether the substantive law of Virginia permits a defendant to implead a third party assertedly liable over to him for plaintiff's claim when the plaintiff's claim would be barred by the applicable statute of limitations at the time the third-party complaint is filed.

Research indicates that in the majority of jurisdictions the running of the statute of limitations on any claim that the plaintiff might have against a proposed third-party defendant should have no effect on the defendant's right to implead. *See,* 6 Wright & Miller, *Federal Practice & Procedure,* § 1446, p. 258 (1971). As noted, however, the question is whether the substantive law of Virginia would permit this third-party action, despite the fact that any claim plaintiff may have for personal injury against Mr. Rambone would be barred by the statute of limitations. Apparently, neither the Virginia General Assembly nor the case law of the Commonwealth has directly addressed the question of whether the running of the statute of limitations on any claim that a plaintiff may have against a third-party defendant should have any effect on the defendant's right to implead. In support of his contention, Mr. Rambone cites the court to *Vepco v. Wilson,* 221 Va. 979, 277 S.E.2d 149 (1981), and *Oman v. Johns-Manville Corp.,* 482 F.Supp. 1060 (ED/VA 1980). In *Vepco, supra,* two employees of Wilson sustained personal injuries from a gas main explosion and consequently brought suit alleging concurring negligence on the part of Wilson, City of Newport News and Vepco. Wilson filed a special plea for dismissal of plaintiffs' claim on the grounds that they had been compensated under the Workman's Compensation Act. Wilson's motion was granted. Under Rule 3:10 of the Virginia Supreme Court, Vepco filed a third-party motion for judgment against Wilson for contribution or indemnity. Wilson responded with a second special plea claiming that no cause of action for contribution existed against him in favor of Vepco. The trial court granted Wilson's plea on the grounds that before contribution will be permitted, plaintiff must have a cause of action against the joint tort-feasor for which contribution is sought. The Vepco court relied on its earlier decision in *Norfolk Southern Railroad v. Gretakis,* 162 Va. 597, 174 S.E. 841 (1934). In *Gretakis, supra,* the third-party defendant was the father of the infant plaintiff. The third-party action against the father for contribution was dismissed because at that time an infant had no cause of action against his father.

In *Oman, supra,* present and former employees of a shipyard brought an action against manufacturers of asbestos products

purchased by the shipyard to recover for injuries alleged to have resulted from exposure to the asbestos products. The manufacturers filed a third-party indemnity claim against the shipyard, and the trial court granted the shipyard's motion for summary judgment on the grounds that the plaintiff's exclusive remedy against the shipyard was under the Longshoremen's & Harbor Workers' Compensation Act. Thus, the court concluded that the manufacturer could not hold the shipyard liable for indemnity where the present and former employees of the shipyard could not. In so holding, the court stated:

> Similarly, contribution between joint tort-feasors is not available under Virginia law if the injured person did not have an enforceable cause of action against the party from whom contribution is sought. [citations omitted] Id., at 1068.

Thus, in the cases cited by Mr. Rambone, the plaintiffs never had a right of action against the third-party defendant. The court perceives that these cases are not directly analogous to the instant action, where plaintiff had a valid and enforceable cause of action against Mr. Rambone until November 1, 1981. In fact, plaintiff had, and still has, what some commentators have referred to as a right of action against her husband, but her cause of action is barred by the applicable statute of limitations. It is also true that the statute of limitations must be pled, because it is an affirmative defense which may be waived.

In the case at bar, Mr. Rambone has, for all intents and purposes, pled the statute of limitations. Thus, the question remains, whether the plaintiff had an enforceable cause of action against her husband at the time of filing of the third-party complaint. *See Oman, supra.* Under the reasoning of that case, the defendants, in order to prevail on their claim for contribution, must show that Mr. Rambone was at least negligent and that his negligence was a proximate cause of the plaintiff's injuries. Likewise, this is an essential element of any claim the plaintiff may have against Mr. Rambone for personal injuries, which claim is now barred by the statute of limitations. Because of the bar of the statute of limitations, the "injured person did not have an enforceable cause of action against the party from whom contribution is sought.

The defendants' claim for contribution must rest on any claim the plaintiff might have for personal injuries against Mr. Rambone. This leads the court to the conclusion that, under Virginia law, at the time the third-party complaint was filed, plaintiff had no enforceable cause of action against the third-party defendant. Accordingly, the third-party defendant's motion to dismiss must be granted.