## SMITH–MOORE BODY CO.
### v.
## HEIL COMPANY.

Civ. A. No. 84–0417–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Feb. 26, 1985.

---

H. Audrey Ford, III, Browder, Russell, Morris & Butcher, Richmond, Va., for plaintiff.

Rosewell Page, III, Kenneth J. Moran, McGuire, Woods & Battle, Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

Presently before the Court is defendant's Fed.R.Civ.P. 56(b) motion for summary judgment filed with this Court on 12 December 1984. Defendant on 12 December 1984 submitted one affidavit in support of the motion for summary judgment and subsequently on 25 January 1985 submitted additional exhibits in support of its motion. Plaintiff responded to defendant's motion on 21 December 1984. On 26 December 1984 this Court granted defendant's motion for an extension of time to file a rebuttal

brief and on 26 December 1984 defendant filed a rebuttal brief. The matter is ripe for adjudication.

Plaintiff brought this diversity action alleging breach of contract, breach of express and implied warranties, and that it had a right of indemnity against defendant for a settlement that was effected by plaintiff with a Charlie B. Williams, Jr.

The facts upon which the Court bases its decision are not in dispute. Plaintiff is a Virginia corporation engaged in the business of installation and sales of truck bodies and truck parts. In 1973 plaintiff purchased a Heil lift hoist truck body from defendant, a Wisconsin corporation, and installed the truck body on a Chevrolet chassis that was provided by the City of Emporia. On 28 August 1980 Charles B. Williams, Jr., an employee of the City of Emporia, was injured while working about the Heil lift truck body. Plaintiff's Motion for Judgment at 3. On 13 August 1982 Mr. Williams filed suit against plaintiff and General Motors for "alleged defects in the design and manufacture of the Heil lift body as well as the breach of both implied and express warranties...." *Id.* On 18 January 1983 Mr. Williams submitted a bill of particulars to plaintiff alleging that the truck was fitted with a Heil lift hoist. Defendant's Exhibit B. On 15 June 1983 Mr. Williams in an answer to interrogatories made reference to defects in the Heil lift. Plaintiff's Memo in Opposition to Defendant's Motion for Summary Judgment at 4. On 16 June 1983 plaintiff's engineers examined the truck. Plaintiff's Responses to Defendant's Request for Admission at 3. On 10 November 1983 depositions taken of Mr. Williams' experts revealed that at trial Mr. Williams intended to show that there was a design defect in the Heil lift truck body. Plaintiff's Memo in Opposition to Defendant's Motion for Summary Judgment at 4. In April of 1984 Williams and

plaintiff reached a settlement. On 8 June 1984 plaintiff filed this motion for judgment in the Circuit Court of Richmond which was subsequently removed to this Court. Plaintiff's Motion for Summary Judgment at 3.

## I

## BREACH OF EXPRESS AND IMPLIED WARRANTY CLAIMS

Defendant asserts that summary judgment is appropriate for the breach of contract[1] and breaches of express and implied warranties because plaintiff failed to give notice of the alleged breaches within a reasonable time as required by Va.Code § 8.2–607(3)(a).

Va.Code § 8.2–607 provides, in pertinent part, "(3) where tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy...."

Plaintiff, citing *Begley v. Jeep Corporation*, 491 F.Supp. 63 (W.D.Va.1980), asserts that a determination of the reasonableness of the notice plaintiff gave defendant, as required by 8.2–607(3)(a), is a question of fact to be determined by the trier of fact. The plaintiff concedes that "the issue becomes a question of law appropriate for summary judgment only when the facts are undisputed and only one inference can be drawn as to reasonableness and timeliness of notice." *Begley*, 491 F.Supp. at 65.

In the case at bar, the evidence is clear and the Court can, as a matter of law, determine whether or not plaintiff gave proper notice. See *Begley*, 491 F.Supp. at 65.

Plaintiff next contends that summary judgment is inappropriate as to the warranty claims because Va.Code § 8.2–607 was

---

**1.** Although in the complaint plaintiff alleges a breach of contract, there are no specific allegations in plaintiff's motion for judgment that plaintiff was suing for a refund of the purchase price or claiming that the item delivered differed from that ordered. It must, therefore, be assumed that the contract that was allegedly breached is the warranty contract. Accordingly, the Court will consider that whatever contract claim is asserted is subsumed in the breach of warranty claim.

not intended to bar warranty claims such as those asserted in this case. In support of this position, plaintiff quotes a part of Official Comment 4 accompanying Va.Code § 8.2–607 which state that "the rule requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy." Plaintiff contends that defendant has presented no evidence that Smith-Moore's delay in filing the present action was motivated by commercial bad faith and therefore summary judgment should not be granted.

The first paragraph of Comment 4 more fully explains the notice requirement of § 8.2–607. That comment states:

The time of notification is to be determined by applying commercial standards to a merchant buyer. 'A reasonable time' for notification from a retail consumer is to be judged by different standards so that in his case it will be extended, for the rule of requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy.

■ Plaintiff cannot be said to be a "retail consumer." That term contemplates that the purchaser buys the item for his own use rather than for resale in the course of his business. Therefore, the operative language in Comment 4 that applies to plaintiff, a merchant buyer, is that "notification is to be determined by applying commercial standards." As will be developed later, a delay in giving notice of at least seven months does not constitute reasonable notice according to commercial standards.

■ Plaintiff next contends that numerous courts have also required a movent in Heil's present position to establish prejudice in order to prevail. The only case plaintiff cites for this proposition is *Henrick v. Coats Co.*, 17 Mass.App. 976, 458 N.E.2d 773 (Mass.1984). As defendant points out in its rebuttal brief, *Henrick* requires a showing of prejudice because a Massachusetts statute specifically states "failure to give notice shall not bar recovery under this section unless the defendant

proves that he was prejudiced." *Henrick*, 458 N.E.2d at 775 (*citing* Mass.Gen.Laws ch. 106 § 2–318). Defendant has failed to cite any authority indicating, absent a specific statute requiring a showing of prejudice, that a defendant must show prejudice before plaintiff would be barred from recovering for failure to give reasonable notice.

Even assuming there was a prejudice requirement, there is ample evidence that defendant was in fact prejudiced by the delay in notice. As did Judge Williams in *Begley*, I find that defendant has been prejudiced because it has "been deprived of the opportunity (1) to investigate the claim in a timely manner; (2) to participate in settlement negotiations before full-scale litigation; and (3) to timely depose potential witnesses, whose memories have since been dimmed by time." *Begley* at 66.

In December of 1983 and January of 1984 "the truck bedlift, hoist, and crane was dismantled, the lift, the hoist and crane placed on another truck chassis and the 1973 Chevrolet chassis was sold." *Affidavit of Tedd E. Povar.* Defendant had no opportunity to investigate or inspect the allegedly defective equipment as installed.

Defendant was not notified of the settlement until two months after the settlement was reached. Defendant had no opportunity to participate in settlement negotiations.

The accident causing Mr. Williams' injury occurred almost four years before plaintiff's motion for judgment was filed and at least seven months after plaintiff, according to plaintiff, had reasonable notice that defendant's equipment was implicated in the accident. This delay denied defendant the ability to timely depose potential witnesses whose memories surely have been dimmed by time.

■ Plaintiff next contends summary judgment is inappropriate for the breach of warranty claims because plaintiff gave notice within a reasonable time. Plaintiff contends that it "did not become aware of the precise allegations focusing upon design and warnings for which Heil was sole-

ly responsible until 15 June 1983 at the earliest and more likely 10 November 1983 when the expert depositions were taken;" therefore, according to plaintiff, the delay in filing the motion for judgment of either twelve months, accepting the 15 June 1983 date, or seven months, accepting the 10 November 1983 date, was not unreasonable as a matter of law.

Section 8.2–607 requires that plaintiff give notice to defendant within a reasonable time after he discovers or should have discovered the breach. Plaintiff in its motion for a judgment states that "Charles B. Williams, Jr. subsequently filed a civil lawsuit in the circuit court for the City of Richmond, ... against Smith-Moore and General Motors Corporation, claiming damages in the sum of $550,000 for alleged defects in the design and manufacture of the Heil lift body as well as the breach of both implied and express warranties by the defendant." Plaintiff's Motion For Judgment of 8 June 1984. Plaintiff in its response to defendant's motion, in referring to the suit instituted by Mr. Williams, stated that "there was never any proof or allegation in the case that the installation or delivery by Smith-Moore [of the Heil lift] was in any way defective or substandard." It seems to this Court that if there was never any allegation against plaintiff that it erred in installing or delivering the Heil lift, then plaintiff would have to realize that a potential claim against Heil was extant because Heil would be the only other party that could have caused the injury.

Further, it is inconceivable to this Court that plaintiff would not, immediately after receiving notice of the motion for judgment filed by Mr. Williams on 13 August 1982, investigate the underlying transaction with the City of Emporia to determine exactly what equipment was alleged to be faulty, and that in investigating the transaction plaintiff would have determined a Heil lift was involved.

Certainly plaintiff should have discovered it had a claim for a breach of warranty against defendant when on 18 January 1983 Williams filed a bill of particulars alleging that the truck causing the injury was fitted with a Heil lift hoist. See *Begley*, 491 F.Supp. at 66 (Defendant was aware that plaintiff's "products were involved and, therefore, that there was a potential warranty claim to be asserted against them").

Plaintiff acknowledges that on 15 June 1983, in answer to interrogatories, Mr. Williams referred to opinions of experts concerning design defects and concedes at that time it may have become aware of the precise allegations focusing upon design and warnings for which Heil was solely responsible.

Plaintiff's own experts examined the truck on 16 June 1983 and it would seem reasonable that shortly thereafter plaintiff would have discovered or should have discovered a potential claim for breach against Heil.

Plaintiff contends that the time to begin measuring whether notice of breach was given within a reasonable time should start to run on 10 November 1983 when plaintiff took the deposition of Mr. Williams' expert. Plaintiff contends that "[s]uch notice only months after Smith-Moore learned from Williams' experts of the specific allegations of defect revealing Heil's exclusive responsibility cannot be considered so 'unreasonable' as to justify the dismissal of Smith-Moore's warranty and contract claims." Plaintiff's Memorandum in Opposition to Motion for Summary Judgment at 8.

This Court disagrees with plaintiff's position. Even assuming that the 10 November 1983 date is the operative date, there is simply no reason for a delay of over seven months between the time plaintiff became aware of potential claims against defendant and the time that plaintiff gave notice to defendant in the form of motion for summary judgment. This Court finds that plaintiff, a merchant buyer, failed within a reasonable time after he discovered or should have discovered the breach to notify seller and plaintiff is therefore barred from the remedy for a breach. Accordingly, summary judgment will be GRANTED for

defendant on the claims against defendant for breaches of warranty and contract.

## II

### INDEMNITY CLAIM

■ Defendant's motion for summary judgment concerning the indemnity claim sets forth two grounds justifying summary judgment. Defendant first asserts that because Smith-Moore's negligence was active, it is barred from asserting an indemnity claim against the Heil Company based on negligence. Smith-Moore contends that its actions could be classified only as passive negligence, if negligence at all, which does not constitute a bar to the indemnity claim. The determination of whether plaintiff's actions could be characterized as active or passive negligence may be a question of fact that could best be determined at trial; however, because this Court determines that defendant's second contention, that this action is barred by the applicable statute of limitations, justifies the grant of summary judgment, it is not necessary to determine whether plaintiff's actions were active or passive.

Defendant contends that for plaintiff to recover indemnity it is essential that Mr. Williams, as the injured party, have a cause of action against defendant. Defendant cites Va.Code § 8.01–243(a) for the proposition that because the statute of limitations ran two years after the injury occurred, Mr. Williams had no cause of action against defendant at the time suit was filed in this action.

In support of its position defendant cites *Rambone v. Critzer*, 548 F.Supp. 660 (W.D. Va.1982). The issue before Judge Michael in *Rambone* was "whether the running of the statute of limitations on any claim that a plaintiff may have against a third party defendant should have any effect on defendant's right to implead." *Id.* at 663. Judge Michael determined that "because of the bar of the statute of limitations, the injured person did not have an enforceable cause of action against the party from whom contribution is sought" and, there-

fore, third-party plaintiff was similarly barred in his claim against third party defendant.

*Rambone* was decided by Judge Michael apparently without the parties making him aware of *Nationwide Mutual Insurance Co. v. Jewel Tea Co.*, 202 Va. 527, 118 S.E.2d 646 (1961), a case decided by the Supreme Court of Virginia in 1961. In *Jewel Tea* the Virginia Supreme Court held that there was no merit to the assertion that a claim was barred by the statute of limitations because the injured party did not have an enforceable cause of action against the party against whom indemnity was sought. The court stated that the right of contribution "is given by statute and arises when, and only when, one tortfeasor has paid a claim for which they are both liable. The right of action arises upon payment or discharge of the obligation, and it is then that the statute of limitations begins to run." 202 Va. 527, 531–32, 118 S.E.2d 646, 699.

If the holdings in *Rambone* and *Jewel Tea* were all that I could look to concerning an interpretation of Virginia law, I would have to follow *Jewel Tea* and would unequivocally state that that statute of limitations does not commence until payment and, therefore, this claim would be timely. But statutes of limitations are creatures of the legislature, not the courts, and this Court must look to acts of the legislature to determine what statutes of limitations are applicable in the present legal and factual situation.

*Rambone* was decided in 1982. In 1983 the General Assembly added Section I to Va.Code § 8.01–229. Section I provides:

When an action is commenced within a period of thirty days prior to the expiration of the limitation period for commencement thereof and the defending party or parties desire to institute an action as third-party plaintiff against one or more persons not party to the original action, the running of the period of limitation against such action shall be suspended as to such new party for a period

**360**

of sixty days from the expiration of the applicable limitation period.

Subsection I would be wholly superfluous if *Jewel Tea* correctly stated the law and it is wholly apt if *Rambone* states the law. Indeed, being curious of the chronological juxtaposition of the 1983 amendment to the 1982 *Rambone* decision, I queried Judge Michael to determine whether he was aware of any connection. He stated that Section I was introduced by his former seatmate in the Senate, Senator William F. Parkerson, Jr., in direct response to the *Rambone* decision. It was introduced in an effort to remove perceived inequities which would arise when an original plaintiff, as here, delayed to the last days of the limits applicable to his claim to file suit.

Since subsection I only makes sense if the holding in *Rambone* correctly states the law in Virginia and since the specifications of limits on actions is legislative, I am driven to the conclusion that the General Assembly has accepted *Rambone* as correctly stating this law and it is for that reason that I determine it is a law.

I am buttressed in this belief by the fact that Judge Michael, building on *Rambone,* decided *Carickhoff v. Badger-Northland, Inc.,* 562 F.Supp. 160 (W.D.Va.1983). In *Carickhoff* Judge Michael was asked to determine whether a statute concerning release of joint tortfeasors could be applied retroactively. The issue in the *Carickhoff* decision arises only if *Rambone* correctly states the law in Virginia. While the *Rambone* underpinnings in *Carickhoff* were not discussed, the holding in *Carickhoff* which arises only if *Rambone* is the law, was accepted by the Supreme Court of Virginia as a correct understanding of the law in *Shiflett v. Eller,* 228 Va. 115, 319 S.E.2d 750 (1984) (J. Compton). What is important is that the Supreme Court did not take exception to *Rambone* on the basis of *Jewel Tea,* but instead placed its imprimatur on *Carickhoff.*

Because Mr. Williams would be barred by the statute of limitations contained in Va.Code § 8.01–243(a) from filing suit against defendant at the time plaintiff filed suit against defendant, plaintiff's claim for indemnity is also barred by that statute of limitations. Summary judgment shall be GRANTED.

And it is so ORDERED.