## CIRCUIT COURT OF THE CITY OF RICHMOND

Verlena Vaughan

v.

James A. Callear
and United Parcel Service, Inc.

v.

Wilbur Pulliam,
Troy L. Barrett and Richard L. Barrett,
t/a Barrett Brothers Service Garage

April 7, 1986

Case No. LJ 883-2

By JUDGE ROBERT L. HARRIS, SR.

On March 24, 1983, a vehicle was being towed in the south-bound lane of Interstate 95 by Wilbur Pulliam, an employee of Barrett Brothers Service Garage. While being towed near the Broad Street underpass, a tire came off the vehicle. As a result Verlena Vaughan, who was driving behind Pulliam, was forced to make a sudden stop, and was struck in the rear by James Callear, an employee of United Parcel Service (UPS).

On March 11, 1985, Vaughan filed a motion for judgment against Callear and UPS; however, it was requested that service of process be withheld. On May 23, 1985, the defendants, Callear and UPS, filed their grounds of defense

and crossclaim (sic) against Pulliam and the Barretts. Although captioned as a crossclaim, I have previously ruled that this court shall treat the crossclaim as a third-party claim. Pulliam and the Barretts filed a plea of limitation of action. On October 18, 1985, a hearing was held, and subsequent thereto memoranda were filed by counsel.

*Issues*

1. Is the crossclaim (third-party claim) barred by the statute of limitations?
2. Is Section 8.01-229(I) of the Virginia Code applicable to the present actions?

*Rulings*

A. The crossclaim (third-party claim) is not barred by the statute of limitations.

In *Nationwide Mutual Insurance Co. v. Jewel Tea Company*, 202 Va. 527, 118 S.E.2d 646 (1961), the Supreme Court of Virginia states:

> [W]e held that a right of contribution would lie as between joint tort-feasors, although no judgment had been obtained determining the issues of primary and contributory negligence. *We also held that the right of contribution was based upon implied contracts, so that the three year statute of limitations, beginning on the date or payment was applicable.* (emphasis added).

Subsequent to the *Jewel Tea, supra*, decision, the Virginia General Assembly in 1981 amended Section 8.01-281 of the Virginia Code to permit a "third-party claim. . . for contribution" to be asserted in a pending action, "and it shall be no defense thereto that the party asserting such. . . third-party claim has made no payment." The question is did this amendment modify the previous concepts of contribution in Virginia, or was it passed merely to accomplish judicial efficiency by allowing third-party claims for contribution to be asserted in one action, rather than in the traditional form of two actions?

One Federal decision has held that this amendment modified the traditional law in Virginia covering the accrual of the right to maintain an action for contribution. See *Rambone v. Critzer*, 548 F. Supp. 660 (1982). This ruling, however, apparently rests on the assumption that the substantive law of contribution was modified by the above amendment. This court, however, is not of that opinion, and does not believe that *Rambone* correctly states Virginia law on contribution. This amendment was passed simply for the purpose of permitting these issues to be adjudicated in a single action, rather than two separate actions.

First, the above amendment was made to a procedural section of the code, not the substantive section which created the right to contribution in Virginia. (The right of contribution was originally created by the General Assembly in 1919, and is currently codified in Section 8.01-34). Secondly, *Rambone* confuses the valid distinction between a cause of action and a right of action. The cause of action is the conduct, either by an act or omission, which ultimately gives the right to maintain an action. On the other hand, a right of action arises when the injured party may assert his claim in court. The statute of limitations does not begin to run until the right of action arises. *First Virginia Bank-Colonial v. Baker*, 225 Va. 72, 301 S.E.2d 8 (1983). Otherwise, a cause of action may be barred by the statute of limitations before the party could assert his right of action. *Id.* at 81-82. For example, on page 664 in *Rambone*, Judge Michael states, "In fact, plaintiff had, and still has, what some commentators have referred to as a right of action against her husband, but the cause of action is barred by the applicable statute of limitations." This court believes this statement is backwards. Plaintiff would still have a cause of action against her husband; however, the right to assert her cause of action, (her right of action), may be barred by the statute of limitations, assuming that the defense of the statute of limitations is affirmatively plead. The defense of the statute of limitations affects a party's right to assert the claim, not the underlying basis for the claim.

If *Rambone* correctly stated the Virginia law of contribution, the Virginia Supreme Court, in a decision some two and one-half years following *Rambone*, would not have stated the following:

In the case of contribution the cause of action and the right of action do not arise at the same time. "[T]here is a valid distinction between the accrual of the equitable, *inchoate* right to contribution that arises at the time of jointly negligent acts and the maturation of the right to recover contribution that arises only after payment of an unequally large share of the common obligation." *Nationwide Mutual Insurance Co. v. Minnifield*, 213 Va. 797, 799, 196 S.E.2d 75, 77 (1973). Stated differently, the right to recover contribution "arises only when one tort-feasor has paid or settled a claim for which other wrongdoers are also liable." *Bartlett v. Roberts Recapping, Inc.*, 207 Va. 789, 793, 153 S.E.2d 193, 196 (1967), while the cause of action for contribution arises at the time of jointly negligent acts. *See Shiflet v. Eller*, 228 Va. 115, 121.

Finally, notwithstanding the analysis of *Rambone*, the court's decision does not explain why contribution is no longer an implied contractual action subject to a three year statute of limitations. Assuming *arguendo* that the 1981 amendment to Section 8.01-281 changed the time of accrual of the right of action for contribution to be concurrent with the time of the act or omission creating the cause of action, why would this change the nature of the action from implied contract to personal injury?

Another Federal decision, *Smith-Moore Body Co. v. Heil Company*, 603 F. Supp. 354 (E.D. Va. 1985), based on *Rambone* and the 1983 amendment to Section 8.01-229(I), reached the same result as *Rambone*. While Section 8.01-229(I) was not applicable to the facts in that case since it did not involve a third-party claim, Judge Warriner held that since the statute of limitations were creatures of statute, the amendment to Section 8.01-229 which was in response to *Rambone* indicated to him that the Virginia General Assembly recognized that *Rambone* correctly stated the Virginia law on contributions. This court is of the opinion that this conclusion does not necessarily follow. For example, if the Virginia General Assembly believed that *Rambone* correctly stated the Virginia law

of contribution, why did they not amend either § 8.01-34 or § 8.01-229 during the twenty plus years following the decision of the Virginia Supreme Court in *Jewel Tea, supra*? Certainly their failure to do so implicitly indicates that the Virginia Supreme Court correctly interpreted their intent in *Jewel Tea*. It seems more likely that the result in *Rambone* was one that was never intended nor contemplated by the Virginia General Assembly, and they wanted to insure that such a result would not reoccur.

Finally, since the accident in this case occurred prior to the effective date of the amendment to § 8.01-229 (July 1, 1983), the clearly articulated law in Virginia as of the date of the accident is set forth in *Jewel Tea, supra*. As Judge Warriner stated in *Smith-Moore* on page 359, if the holdings in *Rambone* and *Jewel Tea* were the exclusive authorities interpreting Virginia law on this subject, he would have to follow *Jewel Tea*.

B. Section 8.01-229(I) is applicable to this case.

This accident occurred on March 24, 1983. The motion for judgment was filed on March 11, 1985, and the third-party claim was asserted on May 23, 1985. Section 8.01-229(I) was passed by the Virginia General Assembly and became effective on July 1, 1983, after the date of the accident, but before the filing of the motion for judgment and crossclaim (third-party claim) herein.

Section 8.01-229(I) provides:

> 1. When an action is commenced within a period of thirty days prior to the expiration of the limitation period for commencement thereof and the defending party or parties desire to institute an action as third-party plaintiff against one or more persons not party to the original action, the running of the period of limitations against such action shall be suspended as to such new party for a period of sixty days from the expiration of the applicable limitation period.

In this case the question is, which date controls in determining whether or not application of this subsection would be retrospective?

This court is of the opinion that Section 8.01-229(I) is applicable to this section, and that such application is not retrospective. Section 8.01-229(I) did not create a new statute of limitations; however, it merely provided for suspension or tolling of the statute of limitations in the event that certain conditions were met. In this case, these conditions were met beginning on March 11, 1985, some twenty months after the effective date of this section. While contribution is and has been held to be a substantive, but not a vested right prior to payment, application of this section in the instant case does not impair substantive rights any more than the tolling provision under the Medical Malpractice Act when a notice of claim is given. *See, e.g., Armstrong v. Erasmo,* 220 Va. 883, 263 S.E.2d 665 (1980).

Section 8.01-1 of the Code of Virginia provides that:

Except as may be otherwise provided in 8.01-256 of Chapter 4 (§ 8.01-228, et seq.) (Limitation of Actions), all provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provision shall apply if in the opinion of the court any particular provision (i) may materially change the substantive rights of a party (as distinguished from the procedural aspects of the remedy) or (ii) may cause the miscarriage of justice.

Section 8.01-256 is not applicable to the instant case since the amendment to Section 8.01-229 was not a part of the revision of Title 8, effective on October 1, 1977. Similarly, this court does not believe that the application of the tolling provision of Section 8.01-229(I) materially affects the substantive rights or causes the miscarriage of justice. Questions involving the statute of limitations have almost universally been held to be procedural in nature.

Therefore, the remaining question is, was the cross-claim (third-party action) timely filed? The accident occurred on March 24, 1983. Normally the statute of limitations would have expired if suit was not filed on or before March 24, 1985. (Under Section 1-13.3 of the Code

of Virginia the time permitted after any event to perform an act shall be allowed in addition to the day on which the event occurred). The crossclaim (third-party claim) was filed on May 23, 1985, or sixty days after the normal statute of limitations would have run. Since application of Section 8.01-229(I) tolls the statute of limitations for sixty days, the crossclaim (third-party claim) was timely filed.

For the foregoing reasons, the plea of limitation of action is overruled.