GEMCO-WARE, INC.

V.

RONGENE MOLD AND PLASTICS CORPORATION

Record No. 840601

September 4, 1987

Present: All the Justices

*Kenneth G. Roth (James E. Haluska; Gary A. Godard; Dona-hue, Ehrmantraut & Montedonico*, on briefs), for appellant.

*Carol T. Stone (John O. Easton; Jordan, Coyne, Savits & Lopata*, on briefs), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this products liability case, the question is whether the two-year statute of limitations for personal injury actions bars a defendant, timely sued by a plaintiff, from maintaining, after the two years has expired, a third-party action for contribution or indemnification against a potential defendant not already sued by the plaintiff.

On May 1, 1980, Lillian W. Smith was burned when the handle of a teakettle separated from the kettle causing boiling water to spill on her right leg. On April 26, 1982, just before the applicable statute of limitations expired, Smith brought the present damage suit against the seller of the kettle; the manufacturer and distributor, appellant Gemco-Ware, Inc.; and the manufacturer of the handle. Although Ron-Gene, Inc., was named in the plaintiff's complaint as the handle manufacturer, a separate and distinct corporation, appellee Rongene Mold and Plastics Corporation, actually made the handle.

In March 1983, after a motion to dismiss had been filed by Ron-Gene, Inc., Gemco filed by leave of court a third-party motion for judgment against Rongene Mold and Plastics Corporation (Rongene). Gemco sought contribution or indemnification from Rongene, asserting that if the plaintiff's claims were true, her injuries and damages "were caused exclusively and/or jointly" by Rongene due to its breach of certain implied warranties.

Subsequently, Rongene filed a demurrer and plea in bar. The third-party defendant contended that when the third-party complaint was filed in March 1983, the statute of limitations had expired as to any cause of action the plaintiff may have had against Rongene. Therefore, Rongene asserted, any cause of action for contribution or indemnity by Gemco against Rongene was also barred by the statute of limitations.

The trial court sustained Rongene's position, holding that Gemco's claim for contribution was time-barred because such claim was "contingent upon the plaintiff having an enforceable cause of action" against Rongene. We awarded Gemco this appeal from the January 1984 order dismissing the third-party motion for judgment.

On appeal, Rongene contends the trial court correctly dismissed Gemco's action for contribution or indemnity.* Rongene argues that under "the substantive law of Virginia, the right of contribution among joint-tortfeasors, being derivative in nature and asserting no independent cause of action, exists only where the injured party has an *enforceable* cause of action as to the joint tort-feasor against whom contribution is sought." Continuing, Rongene says that "Virginia law withholds the right of contribution as against a joint tort-feasor who cannot *in law* be forced to answer to the injured party for his wrongdoing." Concluding, Rongene says that when Gemco filed its third-party motion for judgment against Rongene, "the injured party had no enforceable cause of action against Rongene because the applicable statute of limitations had expired." We do not agree with Rongene's argument and hold that the trial court erred in dismissing the third-party complaint.

█ Initially, in the context of a statute of limitations question, we review the nature of the right of contribution and the time at which it comes into existence, remembering the difference be-

---

* Hereafter, we will refer only to contribution because, in this context, the principles are equally applicable to indemnity. *VEPCO* v. *Wilson*, 221 Va. 979, 981, 277 S.E.2d 149, 150 (1981).

tween a cause of action and a right of action. "A right of action is a remedial right to presently enforce a cause of action; operative facts giving rise to a right of action comprise a cause of action." *Shiflet* v. *Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 754 (1984). "While a cause of action and a right of action may accrue simultaneously, they do not necessarily do so." *First Virginia Bank-Colonial* v. *Baker*, 225 Va. 72, 81, 301 S.E.2d 8, 13 (1983).

As we noted in *Shiflet*, the cause of action and the right of action in contribution do not arise at the same time. Quoting *Nationwide Mutual Insurance Co.* v. *Minnifield*, 213 Va. 797, 799, 196 S.E.2d 75, 77 (1973), we pointed out in *Shiflet* that a valid distinction exists between the accrual of the inchoate right to contribution that arises at the time of the wrongful act and the full development of the right to recover contribution that arises only after payment of an unequally large share of the common obligation. 228 Va. at 121, 319 S.E.2d at 754. In other words, the right to recover contribution arises upon payment or discharge of the common obligation, "and it is then that the statute of limitations begins to run." *Nationwide Mutual Insurance Co.* v. *Jewel Tea Co.*, 202 Va. 527, 532, 118 S.E.2d 646, 649 (1961); *McKay* v. *Citizens Rapid Transit Co.*, 190 Va. 851, 857-59, 59 S.E.2d 121, 123-24 (1950).

It should be noted that, according to statute and Rule of Court, a claim based on future potential liability in contribution may be asserted in a third-party motion for judgment filed in a pending suit even though the third party claimant has made no payment or otherwise discharged any claim against him. Code § 8.01-281(A); Rule 3:10(a). These provisions are mere procedural devices to promote judicial economy by having all claims, actual or potential, arising from the same transaction or occurrence determined in one proceeding. *See Valley Landscape Co.* v. *Rolland*, 218 Va. 257, 263, 237 S.E.2d 120, 124 (1977). However, these provisions have no substantive effect on the settled Virginia principles set forth in *Jewel Tea* and *Citizens Rapid Transit*. One federal district court sitting in Virginia has correctly construed the effect of these procedural measures, *In re FELA Asbestos Litigation*, 638 F.Supp. 107, 114 (W.D. Va. 1986), while another has erroneously interpreted their effect, *Rambone* v. *Critzer*, 548 F.Supp. 660, 662 n.1 (W.D. Va. 1982).

Against this background, we turn to Rongene's argument that the right to contribution is dependent upon the existence of an

enforceable cause of action by the plaintiff against the party from whom contribution is sought and that because the statute of limitations on the plaintiff's claim against the third-party defendant had run when the third-party complaint was filed, the claim for contribution thereby was barred.

In *VEPCO* v. *Wilson, supra,* relied on by Rongene, we held there was no right of contribution because no cause of action existed in favor of the injured parties in that their exclusive remedy was under the Workers' Compensation Act. In *Norfolk Southern R.R.* v. *Gretakis,* 162 Va. 597, 174 S.E. 841 (1934), also relied upon by Rongene, we held there was no right to contribution against a father by a railroad because the injured party, an unemancipated minor, had no cause of action against the father, according to the then-existing doctrine of parental immunity.

But, in those cases, neither of which involved the bar of a statute of limitations, the injured parties never had an enforceable cause of action against the target of the contribution claim. In the present case, the plaintiff had an enforceable cause of action against Rongene but, at the time the third-party complaint was filed, her remedy — her right of action — against Rongene was barred. Nonetheless, in order for contribution to lie, the injured party's cause of action against the third-party defendant need not be *presently* enforceable; it merely is necessary that the plaintiff, at *some time* in the past, have had an enforceable cause of action against the party from whom contribution is sought. *Jones* v. *Meat Packers Equipment Co.,* No. 81-871-N, slip op. at 5 (E.D. Va. July 5, 1984). In other words, before contribution will lie it is essential that a cause of action by the person injured have existed against the third-party defendant. But if such cause of action existed, the right of action to recover contribution arises upon discharge of the common obligation and the statute of limitations begins to run at that time.

Were the rule otherwise, the exercise of a defendant's right of contribution, a doctrine based on principles of fairness, equality of burden, and equality of benefit, could be frustrated by a plaintiff. Such a result is demonstrated by the facts of the present case. Here, the plaintiff waited to sue until several days before the statute of limitations on her personal injury claim expired. The main defendant, later third-party plaintiff, was not served with process until after the personal-injury limitations period had run. Thus, under the rule advocated by Rongene, the personal-injury plain-

tiff, by her accidental or intentional conduct in filing her suit at the last minute, could have extinguished the defendant's right to contribution, an injustice to be avoided.

In addition, the foregoing rule is buttressed by the fact that the legislature has recognized, in the field of personal-injury litigation, the distinction between the main action and the derivative claim for contribution. The General Assembly has provided a two-year statute of limitations for every action for personal injuries, Code § 8.01-243(A), and a three-year limitations period for contribution actions, actions based upon implied contracts, Code § 8.01-246(4).

Finally, we reject Rongene's reliance on *Rambone, supra*, and Code § 8.01-229(I), enacted in 1983, several months after *Rambone* was decided. In that case, the federal court, interpreting Virginia law, held that a claim for contribution "must rest on any claim the plaintiff might have for personal injuries" against the third-party defendant, 548 F.Supp. at 664, and decided that, because the plaintiff's claim against such defendant was barred by the statute of limitations, the claim for contribution likewise was barred.

In the wake of that decision, the General Assembly at its next session enacted subsection (I) of § 8.01-229. Acts 1983, ch. 437. Subsection (I) provides that if an action is commenced within 30 days of the expiration of a limitation period and the defendant desires to institute a third-party action against a person not a party to the original action, the running of the period of limitations against such action shall be suspended as to such new party for a period of 60 days from the expiration of the applicable limitation period. Rongene contends that *Rambone* must have correctly stated Virginia law at the time, otherwise there would have been no necessity for the General Assembly to enact subsection (I). *See Smith-Moore Body Co.* v. *Heil Co.*, 603 F.Supp. 354, 359-60 (E.D. Va. 1985).

As we already have indicated, *Rambone* misconstrued Virginia law. And even if we assume the General Assembly enacted subsection (I) in response to that erroneous decision, such legislative action does not persuade us to embrace a holding that is contrary to Virginia case law.

Accordingly, the judgment below is reversed and the case is remanded for further proceedings on Gemco's third-party motion for judgment against Rongene.

*Reversed and remanded.*