## CIRCUIT COURT OF CAROLINE COUNTY

Robert Victor Woolfolk et al.

v.

Aubrey C. Wade et al.

v.

Cooper et al.

June 13, 1995

Case No. CL95-0008

By JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the statute of limitations for property damage claims bars a defendant, timely sued by a plaintiff, from maintaining a third-party action for contribution or indemnification against persons not sued by the plaintiff and against whom the period of limitations for the main action has expired.

### Facts

In their motion for judgment, adjoining landowners (the Woolfolks, Anderson, and Gwathney) allege that their properties have been damaged by leakage of petroleum products and other pollutants from underground storage tanks (USTs) located on the defendants' (the Wades') property. Despite warnings from governmental agencies, they claim, the Wades failed to take reasonable precautions to prevent the leakage or to minimize the contamination.

The Wades filed grounds of defense denying liability. They also filed a third-party motion for judgment against the persons from whom they purchased their property (the Coopers), seeking contribution or indemnification for any damages they may suffer as a result of the plaintiffs' suit.

Answering the Wades' third-party motion for judgment, the Coopers denied liability.

The court set the case for trial on August 2 and 3, 1995.

Later, the Coopers filed a motion to dismiss the third party action, contending that it is barred by the statute of limitations. Counsel submitted memoranda on the issue and argued it ore tenus on June 6, 1995. This opinion addresses that question.

*Decision*

The Coopers argue that because any cause of action that the plaintiffs may have against them is time barred, the Wades' third party action against them is likewise time barred. Before deciding whether this is a correct statement of law, separate scrutiny should be given to the first component of this assertion.

Any cause of action that the plaintiffs may have against them is barred, the Coopers contend, for the following reasons. The applicable statute of limitations is five years. Virginia Code § 8.01-243(B). The Coopers sold the property containing the USTs to the Wades in 1984. According to the plaintiffs' motion for judgment, their property became noticeably contaminated by leakage from the USTs in 1992, or October of 1991 at the earliest. In *Hampton Roads Sanitation District v. McDonnell*, 234 Va. 235 (1987), the Court held that each discharge of sewage onto the plaintiff's land was a separate actionable event for which the plaintiff was entitled to recover during the five years preceding the institution of the suit. It follows, the Coopers conclude, that the plaintiffs could not seek recovery against them since they sold their property containing the USTs to the Wades more than five years prior to the contamination of the plaintiffs' properties.

The syllogism is flawed. *McDonnell* may or may not apply to this case. *McDonnell* involved discharges of sewage by the defendant onto the plaintiff's property. Each discharge was a separate occurrence, "not continuous but occurring at intervals." Consequently, the Court held, each occurrence inflicted a new injury and gave rise to a new and separate cause of action. Here, the plaintiffs' motion for judgment addresses an allegedly continuous leakage, not separate occurrences of discharge, and so it may be that the court would have to hear the evidence before deciding whether the plaintiffs were injured by separate occurrences or by one continuous wrongful act. Nonetheless, for the reason explained below, the court does not have to decide that issue.

Even assuming for the purpose of this decision that any cause of action that the plaintiffs may have against the Coopers is time barred, it does not

follow that the Wades' third party action for contribution or indemnification is similarly time barred.

The right to recover contribution or indemnification arises upon payment or discharge of the common obligation, and it is then that the statute of limitations begins to run. *Nationwide Mutual Ins. Co. v. Jewel Tea Co.*, 202 Va. 527 (1961).

According to statute and Rule of Court, a claim based on future potential liability for contribution or indemnification may be asserted in a third-party motion for judgment filed in a pending suit even though the defendant/third party claimant has made no payment or otherwise discharged any claim against him. Virginia Code § 8.01-281(A) and Rule 3:10(a). Those provisions are procedural devices to promote judicial economy by having all claims, actual and potential, arising from the same occurrence litigated in one proceeding.

However, those procedural provisions have no substantive effect on the settled principles set forth in *Jewel Tea*. In *Gemco-Ware, Inc. v. Rongene Mold and Plastics*, 234 Va. 54 (1987), the Court specifically held that the right to contribution or indemnification asserted in a defendant's third party motion for judgment is not dependent upon the existence of a *presently enforceable* cause of action by the plaintiff against the party from whom contribution or indemnification is sought. The Court emphasized the distinction between the underlying or main action in a suit and the derivative claim for contribution or indemnification, noting that different statutes of limitations apply. Further, the Court expressly held that *Rambone v. Critzer*, 548 F. Supp. 660 (W.D. Va. 1982), relied upon by the Coopers in their memorandum, "misconstrued" Virginia law on this point.

Accordingly, the Coopers' motion to dismiss the third party motion for judgment against them is denied.

### Other Matters

In their memorandum in support of their motion to dismiss, and in argument on the motion, the Coopers also asserted that the Wades' third party motion for judgment should be dismissed because it fails to state a cause of action against them for which relief can be granted.

Insufficiency of a pleading is raised by demurrer. Virginia Code § 8.01-273; Bryson, *Handbook on Virginia Civil Procedure* (1989), pp. 226-228. The Coopers did not file a demurrer. Instead, they filed general grounds of defense. Although a demurrer may be filed simultaneously with other responsive pleadings, a party who files grounds of defense may not thereaf-

ter demur unless leave of court is first given to withdraw the grounds of defense. Middleditch and Sinclair, *Virginia Civil Procedure* (1992), § 9.6. The Coopers have not sought leave to withdraw their grounds of defense. Further, not even the Coopers' motion to dismiss contains an allegation that the third party motion for judgment against them is deficient. The Wades objected to this issue being considered at arguments on June 6th.

Therefore, the court declines the Coopers' invitation to address the sufficiency of the Wades' third party motion for judgment.

Similarly, the Coopers' statute of limitations contention is not contained in their grounds of defense. Instead, it was first asserted in the motion to dismiss filed after the case was set for trial. Nevertheless, the court has ruled on that matter because no one voiced a procedural objection to it.