## CIRCUIT COURT OF FAIRFAX COUNTY

Sherri Robertson
and Greg Robertson

v.

Ford Motor Co.
and Ted Britt Ford Sales, Inc.

August 14, 1996

Case No. L-147140

BY JUDGE F. BRUCE BACH

This matter comes before the Court on Defendant Ford Motor Company's Motion for Partial Summary Judgment and Co-Defendant Ted Britt Ford Sales, Inc.'s Motion for Summary Judgment. The issues before this Court are:

I. Whether Plaintiffs Sherri and Greg Robertson made a timely filing under the Virginia Motor Vehicle Warranty Enforcement Act ("Lemon Law");

II. Whether the Robertsons made timely filings under the Virginia Consumer Protection Act ("VCPA") with respect to Ford Motor Company ("FMC") and to Ted Britt Ford Sales, Inc. ("Ted Britt");

III. Whether the disclaimer in Ted Britt's contract with the Robertsons effectively precludes any liability Ted Britt may have under an implied warranty to the Robertsons.

For the reasons stated below, I deny FMC's Motion for Partial Summary Judgment as to the claim under the Lemon Law of Virginia, grant summary judgment as to claims against FMC under the VCPA, and deny Ted Britt's Motion for Summary Judgment.

### Background

The Robertsons purchased a 1992 Ford Bronco from Defendant Ted Britt on November 14, 1991. Following several attempts to have the ve-

hicle repaired for various problems, the Robertsons filed a Motion for Judgment on November 13, 1995, against Ted Britt and FMC, alleging, among other things, breaches of warranty and violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (1975); the Uniform Commercial Code, § 8.2-316; the Virginia Consumer Protection Act, §§ 59.1-196 to 59.1-207; and the Virginia Motor Vehicle Warranty Enforcement Act, §§ 59.1-207.9 to 59.1-207.16 ("the Lemon Law").

FMC contends that: (1) the Robertsons failed to timely file suit under the Lemon Law; (2) there was no notification by the Robertsons to FMC that would have effectively extended the Lemon Law's statute of limitations; and (3) no genuine issue of material fact exists on the Robertsons' claim under the VCPA because the Robertsons have shown no evidence that FMC engaged in any fraudulent acts since November 15, 1993.

Ted Britt contends that it is free from liability because it expressly disclaimed all warranties in its contract with the Robertsons. Furthermore, Ted Britt asserts that the Robertsons' claim under the VCPA is barred by the statute of limitations because the Robertsons have admitted that Ted Britt's purported violations of the VCPA occurred before November 12, 1993, beyond the two years provided by the statute of limitations.

Ted Britt mailed a copy of its Requests for Admissions to the Robertsons on May 3, 1996. The Robertsons state that they did not receive the Requests for Admissions until the 10th of May and that they mailed their response to the Requests on May 28th, after having told Ted Britt's counsel by telephone that they could not possibly respond within the twenty-one days. Ted Britt indicated, and the Robertsons' return envelope corroborates, that the response was served on May 31st. Ted Britt, in its Requests for Admission, asked the Robertsons to admit that the VCPA violations alleged against Ted Britt occurred before November 12, 1993, more than two years before they filed their Motion for Judgment. Ted Britt argues that because the Robertsons' response was beyond the twenty-one days allowed for Requests for Admissions, the items in the Request should be deemed admitted.

## I. *The Virginia Motor Vehicle Warranty Enforcement Act*

Section 59.1-207.16 provides that a Lemon Law action must be brought within eighteen months after the date of original delivery of the new vehicle. There are two ways in which the Lemon Law rights period may be extended, as set out in § 59.1-207.13 of the Code. One way to toll the period is to provide "notification" to the manufacturer of the need for

correction or repair of the alleged nonconformity within eighteen months after the delivery of the vehicle. "Notice" is given when either: (1) a written complaint of the defects has been mailed to the manufacturer; or (2) the manufacturer has responded to the consumer in writing regarding the complaint; or (3) a factory representative has either inspected the vehicle or met with the consumer or an authorized dealer regarding the nonconformity.

The Robertsons contend that they tolled the eighteen month limitations period under the Lemon Law by the notice exception. The Robertsons assert that FMC responded to them in writing following a complaint made by telephone within the eighteen month period and that a Ford representative was present during one of the service inspections, also within the eighteen month period. I find that sufficient material facts are genuinely in dispute as to whether or not the Robertsons tolled the limitations period under the Lemon Law, and I deny summary judgment on that issue.

## II. *The Virginia Consumer Protection Act*

The VCPA has a limitations period of two years and prohibits the misrepresentation that repairs or services have been performed or parts installed. There are no statutorily mandated ways in which the statute of limitations may be tolled under the VCPA.

With respect to the Robertsons' claim against FMC under the VCPA, the Robertsons have failed to adduce any evidence that FMC acted fraudulently after November 15, 1993. There are allegations that FMC failed to inform them of certain technical service bulletins, but these do not constitute misrepresentations, and these bulletins would have been issued before November of 1993. In their memorandum, the Robertsons contend that the VCPA period was extended because of their "good faith" and notification; however, there are no such exceptions available under the VCPA to extend the limitations period. For these reasons, I grant summary judgment as to FMC's alleged violations under the VCPA.

Ted Britt relies on its Requests for Admission to assert that the violations of the VCPA alleged against it did not occur after November 15, 1993. Ted Britt mailed the Requests on May 3, 1996, and received the responses on May 31, 1996, as evidenced by the envelope in which the responses were enclosed. By virtue of the tardiness of the answers, Ted Britt contends that their Requests should be deemed admitted. Assuming without deciding that the Robertsons' responses were a few days late, I grant an extension and deem them timely filed. It is therefore not deemed

admitted that Ted Britt's purported violations of the VCPA occurred before November 12, 1993. I deny summary judgment as to whether or not the Robertsons alleged violations of the VCPA against Ted Britt within the applicable two-year statute of limitations.

### III. *Exclusion or Modification of Warranties*

#### A. *The Uniform Commercial Code*

Section 8.2-316(2) of the UCC requires that the disclaimer of an implied warranty of merchantability must be conspicuous and must mention merchantability in order to be found valid. The Robertsons allege that the disclaimer language was neither conspicuous nor clearly visible to them when they signed the contract with Ted Britt. Because there is dispute as to whether or not the disclaimer language was conspicuous in the contract between Ted Britt and the Robertsons, summary judgment is not appropriate as to the exclusion of warranties in this instance.

#### B. *The Magnuson-Moss Warranty Act*

Ted Britt contends that it is free from liability because it disclaimed all warranties in its contract with the Robertsons. Under the Magnuson-Moss Warranty Act, however, the sale of an extended service contract to the Robertsons would render any disclaimer of warranties ineffective under State law. Even if there had not been the sale of an extended service contract, the Robertsons allege that the disclaimer language was not conspicuous to them when they signed the contract. I find that there is material fact at issue as to the exclusion or modification of warranties, and summary judgment is therefore denied.

### Conclusion

For the reasons stated above, I deny FMC's Motion for Partial Summary Judgment as to the claim under the Lemon Law of Virginia, grant summary judgment as to claims against FMC under the VCPA, and deny Ted Britt's Motion for Summary Judgment.