# CIRCUIT COURT OF LOUDOUN COUNTY

Searle et ux.

v.

General Motors Corp. et al.

August 31, 1998

Case No. (Law) 20333

BY JUDGE THOMAS D. HORNE

Plaintiffs have initiated the instant damage claim predicated upon alleged violations of the Virginia Motor Vehicle Warranty Enforcement Act (§§ 59.1-207.9 to 59.1-207.16:1, Va. Code Ann.) ("Lemon Law") and breaches of warranty. Defendant General Motors has responded by way of a plea of the statute of limitations as to the "lemon law" claim and a motion craving oyer with respect to the warranty count. For the reasons stated, *infra*, the Court will overrule the plea and direct that the plaintiff file with the Court within twenty-one days any written warranty, sales contract, financing agreement, or other documents upon which they rely in support of their warranty claims.

It is alleged that the plaintiffs purchased and took delivery of a 1996 Chevrolet Blazer on May 17, 1996. They have outlined in their pleadings the difficulty which they had with the vehicle commencing during the "lemon law rights period" as defined by the Motor Vehicle Warranty Enforcement Act. The "lemon law rights period" means:

> the period ending eighteen months after the date of the original delivery to the consumer of a new motor vehicle. This shall be the period during which the consumer can report any nonconformity to the manufacturer and pursue any rights provided for under this chapter.

§ 59.1-207.11, Code of Virginia.

Plaintiffs filed the instant action on January 30, 1998. Should the Court determine the tolling provisions of the act do not apply to the instant claim, it is obligated to sustain the plea and dismiss the first count. § 59.1-207.16, Code of Virginia ("[a]ny action brought under this chapter shall be commenced within the lemon law rights period following the date of original delivery of the motor vehicle to the consumer").

Aggrieved consumers may avail themselves of either an informal dispute settlement procedure provided by the manufacturer or by way of a civil action. §§ 59.1-207.14, 59.1-207.15, Code of Virginia. It is contemplated by the Act that the informal dispute settlement procedure would involve the intervention of someone other than the manufacturer or the consumer in the decision-making process. *Smith v. General Motors Corp.*, 35 Va. Cir. 112 (1994). As plaintiffs did not take advantage of such an informal procedure, the extension provisions of § 59.1-207.16, Code of Virginia, are inapplicable to the instant claim. Had they done so and rejected the final action of the manufacturer, they would have been entitled to an express extension of time within which to file a claim for the longer of either twelve months from the date of the final action taken by the manufacturer in its dispute settlement procedure or the lemon law rights period.

Notwithstanding the inapplicability of § 59.1-207.16, the lemon law rights period is also extended, "if the manufacturer has been notified but the nonconformity has not been effectively repaired by the manufacturer, or its agent, by the expiration of the lemon law rights period." § 59.1-207.13(C), Code of Virginia; *Subaru of Am., Inc. v. Peters*, 256 Va. 43 (1998). Although the plaintiffs admittedly filed suit after eighteen months had passed from the date of delivery, they have asserted that notice was given within the period and that the manufacturer, or its agent, has failed to effectively repair the continuous nonconformity. This presents an issue of fact which cannot be resolved as a matter of law on the extent record. See, *Robertson v. Ford Motor Co.*, 40 Va. Cir. 231 (1996).

Plaintiffs assert that notice was given within the period prescribed by statute and that the nonconformity has not been effectively repaired. Had they used the alternative dispute resolution procedure provided by the manufacturer, the plaintiffs would have been entitled to commence the action within twelve months from the date of final action of the manufacturer or the lemon law rights period, whichever is longer. In such cases, the legislature has limited the extension of the lemon law rights to a specific period commencing upon the final action of the manufacturer. Other cases would be governed by the extension provisions of § 59.1-207.13, Code of Virginia. Having elected not to use such a procedure, the plaintiffs are, based upon a review of the

present record, entitled to commence the claim within the extended lemon law rights period.

Defendant argues that such a construction would lead to absurd results never intended by the legislature. However, the Court is bound by the plain words of the statute. If the defendant finds fault with the statute, its arguments should be addressed to the legislature. Furthermore, the limitation applicable to the use of alternative dispute procedures is not without a rational basis. This is a consumer-based statute. It encourages manufacturers to establish alternatives to traditional litigation in resolving controversies concerning compliance by the manufacturer with motor vehicle warranties. Alternative dispute procedures afford the consumer a more user-friendly environment in which to contest their claims, unfettered by the complexities, costs, and calendaring realties of court. People rely on their automobiles for the essentials of everyday living, and should they purchase a "lemon," they look to the need for transportation rather than the specter of future financial recompense in the form of a damage award.

Accordingly, the Plea of the Statute of Limitations will be denied. Defendants' motion craving oyer will be granted. The plaintiffs will comply with the motion within twenty-one days.