# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Dallas M. Patterson, Sr.

v.

Bob Wade Lincoln-Mercury, Inc.

### Case No. (Law) 98-223

Ford Motor Credit Co.

v.

Dallas M. Patterson, Sr.

### Case No. (Law) 98-53

BY JUDGE EDWARD L. HOGSHIRE

### April 20, 1999

In the present action before the Court, the Defendants have moved to dismiss pursuant to a Special Plea in Bar of the Statute of Limitations. This action was originally brought by Ford Motor Company against the Plaintiff in the General District Court. Plaintiff appealed an adverse determination from the lower court, raised various counterclaims, and initiated a new suit based on the same grounds against Bob Wade Lincoln-Mercury. Both actions were subsequently consolidated, and both Defendants moved to dismiss based on the statute of limitations. The Court initially took Ford's demurrer under advisement, and then Bob Wade raised the same issues. After considering the briefs and argument of the parties, the Court concludes that Defendants' motion should be granted in part and denied in part.

*Facts*

For the purposes of this motion, the Court accepts as true the Plaintiff's version of the facts, the dispute in this case arose out of a lease arrangement between Plaintiff and Defendants. The Plaintiff agreed to a twenty-four month lease on a car from Bob Wade Lincoln-Mercury ("Bob Wade") in 1994, which would be serviced by Ford Motor Credit Company ("Ford"). As part of the agreement, Plaintiff pre-paid twelve months of the lease. Plaintiff avers that Defendants did not disclose how the depreciation component of the lease charge or the finance (rent) charge was calculated. Plaintiff claims that he could have discovered the alleged fraud only if he had seen an internal Ford Credit worksheet which calculated the charges. Plaintiff also claims that the Defendants did not credit Plaintiff's twelve-month prepayment properly.

Plaintiff eventually became frustrated with the lease and sought to terminate it and purchase the vehicle in question. When negotiations proved futile, Plaintiff tendered the car back to Bob Wade on March 28, 1995. Defendants treated this conduct as a breach of the lease agreement, sold the car at an auction for $21,501.00, and sued Plaintiff for the remaining amount that he owed Defendants on the contract. Ford obtained a judgment against Plaintiff in the General District Court, and Plaintiff has now appealed to this Court and raised counterclaims against Defendants. In the action before the Court, Plaintiff claims a violation of the Consumer Leasing Act, the Virginia Consumer Protection Act, and raises a common law fraud claim as well.

*Question Presented*

Are Plaintiff's claims barred by the applicable Statutes of Limitations?

*Discussion of Authorities*

A. *Consumer Leasing Act*

The first claim asserted by the Plaintiff is grounded on the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.* The Act provides a one-year limitations period from the date of the lease termination: "Such actions alleging a failure to disclose or otherwise comply with the requirements of this chapter shall be brought within one year of the termination of the lease agreement." *Id.* at

§ 1667(d)(c). Thus, the focal point of this inquiry is the date of lease termination.

Relying on the language of the lease agreement, Plaintiff argues that the lease has never expired. He cites paragraph 20 of the agreement:

> Termination: This Lease shall terminate upon (i) the end of the term of this Lease, (ii) the return of the Vehicle to the Lessor, and (iii) the payment by the Lessee of all amounts owed under this Lease. The Lessor may cancel this Lease if the Lessee defaults under the Lease.

Plaintiff seizes upon the first phrase of the paragraph and argues that all three conditions must be satisfied before termination can occur. There is no question that for all practical purposes, the lease term has expired and that Plaintiff has returned the vehicle in question. Plaintiff claims, however, that since he still owes approximately $9,500.00 on the lease, it has not expired under a plain reading of paragraph 20.

The Court has carefully considered this argument but is not persuaded of the merits. Even if the lease was not formally terminated under the first clause of paragraph 20, it was terminated within the meaning of the alternative second clause. Two conditions must be met under the second clause in order to accomplish termination: the lessee must default and the lessor must cancel the lease. Under the contract, a default occurs "[i]f the Lessee fails to make any payment under this Lease when it is due, or if the Lessee fails to keep any other agreement in this Lease." *Lease Agreement*, ¶ 25. After the failure to reach a buy-out agreement, Plaintiff returned the vehicle to Bob Wade on March 28, 1995. *Motion for Judgment*, ¶ 37. Since the Lease Agreement was executed on March 29, 1994, Plaintiff's return of the vehicle with twelve months remaining on the lease would violate paragraph 6 of the agreement (requiring twenty-four months of payment) and would thus constitute a default under paragraph 25.

Upon a default, the lessor could either try to work with the lessee in order to continue the lease or it could terminate it. Bob Wade plainly chose the latter alternative. After Plaintiff returned the vehicle, Defendants sold it at an auction and instituted legal action to recover damages for Plaintiff's remaining obligation under the lease. The Court concludes that the lease was terminated on March 28, 1995. Whatever the merit of Plaintiff's various claims against the Defendants, he knew three important things at that point: (1) that he was returning the vehicle before the expiration of the lease period; (2) that he was not going to continue making the monthly rental payment; and (3) that

Defendants had not consented to this arrangement. Therefore, Plaintiff's claim under the Consumer Leasing Act is barred by § 1667(d)(c) because he brought it more than one year after the lease termination.

## B. *Fraud*

The legislature has prescribed a two-year statute of limitations for fraud claims in Virginia: "[E]very action for damages resulting from fraud shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A). Because fraud claims are often not readily apparent, the legislature has further provided that they accrue: "when such fraud, mistake, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code § 8.01-249(1). The question thus becomes whether Plaintiff knew or should have known of his cause of action more than two years prior to filing the instant action.

Plaintiff claims that the only way for him to discover the fraud was by examining the Dealer Worksheet which allegedly was not disclosed to him until it was revealed in discovery. Defendants stress that Plaintiff sought to terminate the lease because he was upset about being overcharged and thus should have known about the fraud at that time. Plaintiff, however, correctly points out that a "feeling" that one is being overcharged does not necessarily mean that he has discovered or should have discovered fraud.

The latest time that Plaintiff could have believed that he had a fraud claim was on February 12, 1998, when he filed responsive pleadings and raised a counterclaim and cross-claim based on fraud. Therefore, all that can be said with any certainty is that Plaintiff knew of the fraud, or should have known with the exercise of reasonable diligence, sometime between the commencement of the lease and February 12, 1998. The Court is unable to pinpoint the exact date of when Plaintiff should have been aware of his fraud claim nor should it endeavor to do so. That matter is within the jury's province. The Court therefore overrules Defendants' statute of limitations plea with respect to the fraud claim.

## C. *Consumer Protection Act*

Plaintiff's final claim is based on Virginia's Consumer Protection Act (CPA). The relevant statute now provides: "Any individual action pursuant to § 59.1-204 for which the right to bring such action first accrues on or after July 1, 1995, shall be commenced within two years after such accrual." Va. Code

§ 59.1-204.1(A). Plaintiff's claim, however, accrued before July 1, 1995. It accrued at some point between the commencement and termination of the lease (March 29, 1994 to March 28, 1995). Under the prior regime before the amendment to § 59.1-204.1, the one-year catchall limitations provision, § 8.01-248 applied. *See, e.g., Byrd v. Crosstate Mtg. & Invs., Inc.*, 34 Va. Cir. 17 (1994).

Therefore, Plaintiff's current action appears to be untimely under the Consumer Protection Act. Plaintiff cannot attempt to characterize a CPA claim as a fraud claim in order to benefit from its limitations provision. *See Byrd, supra.* Plaintiff, however, appears to make an argument for estoppel or fraudulent concealment of a cause of action, which, if valid, would toll the statute of limitations and save his CPA claim. Virginia law erects a high barrier for fraudulent concealment:

> The character of fraud necessary to toll the statute must be of a variety involving moral turpitude. A defendant must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff in order for the exception to apply.

*Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 221 Va. 81, 86 (1980) (quoting *Richmond Redevel. & Housing Auth. v. Laburnum Constr. Corp.*, 195 Va. 827, 840 (1954)). Under this rule, a "vague allegation of fraudulent concealment in a memorandum opposing a Plea in Bar is insufficient to overcome the bar of the statute of limitations." *Myska v. RMS Technologies, Inc.*, 25 Va. Cir. 344 (1991) (citing *Pocahontas Supreme Coal Co. v. Bethlehem Steel*, 828 F.2d 211 (4th Cir. 1987)).

The Court concludes that Plaintiff has not adequately pleaded fraudulent concealment of a cause of action sufficient to save his Virginia CPA claim. The Motion for Judgment contains only "vague allegations" that these acts were committed with an intent to conceal a cause of action. *Motion for Judgment*, ¶¶ 33-34. Accordingly, the Court sustains the demurrer but grants Plaintiff leave to amend his complaint if he has a factual basis for showing that the Defendants acted with the requisite intent to conceal the CPA cause of action which would warrant a tolling of the limitations period.

## Conclusion

For the above-stated reasons, the Court sustains Defendant's demurrer with regard to the Consumer Leasing Act claim, denies the fraud demurrer, and sustains the demurrer concerning the CPA claim but grants Plaintiff leave to amend if he can show fraudulent concealment.

### June 29, 1999

I have reviewed the affidavits sent to me concerning the determination of expert witness fees for Mr. Remar Sutton. Finding Mr. Sutton's flat fee of $3,500.00 to be unreasonable, I have decided to limit the fees to $220.00 per hour. Mr. Sutton's affidavit states that he was awarded fees of $450.00 per hour for the case of *Rick Wells v. John P. Stanko*. On the Plaintiff's side, Lawrence Farmer stated that he charges $85.00 per hour, while Michael J. Phillips charges $125.00 per hour. The average of these three rates is $220.00 per hour, a rate I find reasonable as an upper limit under the circumstances.