# CIRCUIT COURT OF CHESTERFIELD COUNTY

Robert J. Neal

v.

Haley Imports, Inc.,
and Toyota Motor Credit Corp.

April 3, 2001

Case No. CL00-1210

BY JUDGE CLEO E. POWELL

This matter came before the Court on March 7, 2001, on Defendant Haley Imports' Special Plea. The Court heard arguments at that time and has reviewed the parties' memoranda and all applicable law. The Court now rules as follows.

Plaintiff's Motion for Judgment seeks relief based on an alleged violation of the Virginia Consumer Protection Act (hereinafter the VCPA) as well as an alleged fraud perpetrated by the Defendant Haley Imports, Inc. (hereinafter Haley). Haley filed a Special Plea, seeking to have dismissed the first count, violation of the VCPA, because the statute of limitations had expired. Specifically, Haley argues that the VCPA sets out a specific two-year statute of limitations within which a claim must be filed or forever be barred. Plaintiff, Haley asserts, filed too late and thus count one of his Motion for Judgment must be dismissed. This Court disagrees.

The VCPA does indeed specifically state that an aggrieved party has two years from the time of accrual of his cause of action within which to bring a claim for violation of that statute. The question at issue in this matter, however, is not the length of time allowed for a suit to be brought, but rather when that time begins to run; the issue is the accrual date.

VCPA directs an aggrieved party to § 8.01-230 of the Virginia Code to determine when a cause of action will accrue. Section 8.01-230, in turn, states that a cause of action will accrue:

and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person or damage to property, when the breach of contract occurs in actions *ex contractu* and not when the resulting damage is discovered, *except* where the relief sought is solely equitable or *where otherwise provided under. . . § 8.01-249.*

(Emphasis added.)

Turning to § 8.01-249 of the Code, one finds that "[i]n actions for fraud or mistake and in actions for rescission of contract for undue influence, [the cause of action accrues] when such fraud, mistake, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code § 8.01-249(1). Because the VCPA specifically directs an aggrieved party to § 8.01-230 for guidance as to when a cause of action under the VCPA accrues and § 8.01-230 in turn specifically excepts those causes of action addressed by § 8.01-249, it is clear to the Court that an action for violation of the VCPA, while having a two-year statute of limitations, will not accrue until the violation is discovered or by the exercise due diligence reasonably should have been discovered, when such a violation is alleged to be due to fraud or mistake. Therefore, Plaintiff timely filed his Motion for Judgment within two years of his discovery of the alleged fraud.

In its Memorandum in Support of the Special Plea, Haley cites three circuit court opinions which appear to support its position that Plaintiff's allegation of a violation of the VCPA is untimely: *Robertson v. Ford Motor Co.*, 40 Va. Cir. 231 (1996); *Patterson v. Bob Wade Lincoln-Mercury, Inc.*, 48 Va. Cir. 471 (1999); and *Byrd v. Crosstate Mortgage & Inv., Inc.*, 34 Va. Cir. 17 (1994). A close reading of those cases, however, reveals that none of them in fact supports Haley's Special Plea.

Haley cites *Robertson* to support its assertion that the VCPA has a two-year statute of limitations. This Court agrees, and it is patently clear from the statute that the VCPA has a two-year limit. However, *Robertson* does not address the matter of *when* a cause of action under the VCPA accrues, i.e. when that two years begin to run. That is the issue in the case at hand, and *Robertson* sheds no light on it.

Likewise, Haley's use of *Byrd* is not instructive to this Court. *Byrd* was decided under the VCPA before it was amended and § 59.1-204.1 was added. In that case, the court correctly found that a cause of action for violation of the VCPA must have been brought within a year because the VCPA itself had no prescribed statute of limitations and, therefore, the Virginia Code's "catch-all" provision, § 8.01-248, would apply. The court went on to say that the

plaintiffs there could not circumvent the applicable statute of limitations by characterizing their alleged violation of the VCPA as a fraud action and thereby "borrow" the two-year statute of limitations for fraud. Again, this case provides no guidance for this Court in that it does not address the issue of accrual. Furthermore, *Byrd* underscores the importance of § 59.1-204.1. That amendment, which certainly applies to the case at bar, clearly reflects the General Assembly's determination that the VCPA should have its own statute of limitations and that the provisions of §§ 8.01-230 and 8.01-249(1) should be used to determine when that statute of limitations should begin to run.

Haley's other cited case, *Patterson*, does address the issue of when an action brought under the VCPA is deemed to accrue, but, again, this case does not direct this Court to the conclusion Haley seeks in that it does not address when an action brought under the VCPA *and based on fraud* will accrue. The plaintiffs in *Patterson* brought several claims against the defendant, one of which was a fraud claim and another of which was an alleged violation of the VCPA. While it is not clear from the opinion upon what acts the plaintiffs based their claim of violation of the VCPA, it is clear that they were not fraud. Earlier in the opinion, before it reached the VCPA claim, the court had already disposed of the fraud issue, declaring that the cause of action had accrued "sometime between the commencement of the lease and February 12, 1998." *Patterson*, at 474. In the part of the opinion discussing the VCPA violation, the court simply stated that "[p]laintiff's claim . . . accrued before July 1, 1995," leading one to believe that the acts relied on to support the VCPA violation were *not* those which constituted the fraud claim previously discussed. *Id.* at 475. The court's determination of two distinct dates of accrual clearly indicates that the two causes of action were distinct and unrelated and therefore the VCPA violation could not have been based on the activity that gave rise to the fraud count. Therefore, the court's declaration that "[p]laintiff cannot attempt to characterize a [V]CPA claim as a fraud claim in order to benefit from its limitations provision" (the proposition for which Haley cited this case) has no impact on the case at bar. Here, unlike in *Patterson*, the VCPA violation is alleged *based on fraudulent acts*, so the statutorily prescribed accrual time and limitations period as set out in §§ 8.01-230 and 8.01-249(1) do apply. Defendant's Special Plea is denied.