# CIRCUIT COURT OF LOUDOUN COUNTY

Robert W. Herman
and Jane A. Chancler

v.

McCarthy Enterprises, Inc.,
and Lewis Applicators

November 26, 2002

Case No. (Law) 25841

BY JUDGE JAMES H. CHAMBLIN

This action at law came before the Court on October 31, 2002, for argument upon the following:

1. Plea in Bar filed by the Defendant McCarthy Enterprises, Inc. ("McCarthy") to Count Eight of the Motion for Judgment filed by the Plaintiffs, Robert W. Herman and Jane A. Chancler;

2. Plea in Bar filed by Lewis Exterior Applicators ("Lewis Applicators") to Count Seven of the Motion for Judgment filed by the Plaintiffs;

3. Demurrer of Lewis Applicators to Count Seven of the Motion for Judgment filed by the Plaintiffs;

4. Demurrer of Lewis Applicators to the Cross-Claim filed by McCarthy (this Demurrer was sustained, and McCarthy was granted twenty-one days within which to file an amended cross-claim with McCarthy being allowed to add a contribution and/or indemnification claim); and

5. Plea in Bar of Lewis Applicators to the Cross-Claim filed by McCarthy.

The Pleas in Bar and the Demurrer of Lewis Applicators to the Motion for Judgment were taken under advisement.

For the reasons hereinafter set forth:

1. The Plea in Bar of McCarthy to the Motion for Judgment is sustained, and Count Eight (Violation of Virginia Consumer Protection Act) is dismissed with prejudice;

2. The Plea in Bar of Lewis Applicators to the Motion for Judgment is denied;

3. The Demurrer of Lewis Applicators to Count Seven (negligence *per se*) of the Motion for Judgment is sustained, and Count Seven is dismissed with prejudice.

4. The Plea in Bar of Lewis Applicators to the Cross-Claim of McCarthy is denied at this time with leave to Lewis Applicators to file another Plea in Bar to the Amended Cross-Claim when filed by McCarthy.

Each pleading is addressed separately below.

*Plea in Bar of McCarthy*
*to Count Eight of the Motion for Judgment*

In Count Eight of their Motion for Judgment, the Plaintiffs allege that McCarthy violated the Virginia Consumer Protection Act (VCPA) because of certain acts and omissions of McCarthy when it caused the exterior walls of the Plaintiffs' home being constructed by McCarthy to be clad with Exterior Insulation and Finish System ("EIFS"), or synthetic stucco. In simplest terms, the Plaintiffs allege that McCarthy knew or should have known that defects in the use of EIFS had been reported prior to contracting with the Plaintiffs, that it concealed the potential for defects from the Plaintiffs, that it caused the EIFS to be applied (by Lewis Applicators), and that the EIFS subsequently became defective and caused damage to the Plaintiffs' home.

In their Motion for Judgment, the Plaintiffs allege that they entered into the construction contract with McCarthy on or about June 25, 1996, that the home was substantially complete in January 1997, and thereafter they occupied it. They allege that they first learned of problems with EIFS in the fall of 2000. They filed the Motion for Judgment on January 4, 2002.

Initially, I assume without deciding that the construction of the Plaintiffs' home by McCarthy as alleged in their Motion for Judgment is a consumer transaction under the VCPA. The VCPA, specifically in Va. Code § 59.1-204.1, provides that an individual action for damages shall be

commenced within two years after the cause of action shall accrue as provided in Va. Code § 8.01-230 (when the wrongful act occurs regardless of when it is discovered). As alleged in the Motion for Judgment, the VCPA violation occurred and the Plaintiffs sustained any damage at the very latest when they settled on the home in January 1997. This action was not commenced within two years thereafter. Therefore, the VCPA claim is time-barred.

The Plaintiffs argue that their VCPA claims are also actual fraud claims, and that, therefore, the discovery rule, *i.e.*, the cause of action does not accrue until the damage is discovered or should have been discovered, applies. I do not agree. VCPA claims are statutorily created claims. The legislature has created a statute of limitations for such claims in Va. Code § 59.1-204.1 which clearly provides that a VCPA cause of action accrues when the injury is sustained and not when the resulting damage is discovered. If the legislature had intended for a discovery rule to apply in cases of actual fraud, then it would have inserted such a provision in the VCPA. The legislature did not do so. The Plaintiffs were injured under the VCPA when they settled on the home after McCarthy's allegedly fraudulent statements about the EIFS. If they had not settled, they would have never suffered any damage.

The Plaintiffs also assert that McCarthy is equitably estopped from asserting the two-year statute of limitations. The Plaintiffs argue that the misrepresentations, concealments, and omissions of McCarthy lulled them into sitting on their rights. The Motion for Judgment clearly alleges fraud on the part of McCarthy as to the EIFS occurring prior to and leading up to settlement on the home after it was constructed. After settlement, the Plaintiffs merely allege that McCarthy remained silent and did not tell them about the potential latent defects in the EIFS. They do not allege that McCarthy did anything after settlement to prevent them from filing suit other than the fraud allegedly perpetrated on them prior to settlement. They do not allege that McCarthy did anything after the Plaintiffs brought the EIFS issue to the attention of McCarthy to prevent them from filing suit earlier.

The Plaintiffs do not allege that, after they became aware of the EIFS problem with the home, they decided not to file suit because of some representation or concealment on the part of McCarthy. Their equitable estoppel argument is based entirely on the alleged fraud occurring prior to settlement and the silence of McCarthy after settlement about latent defects in the EIFS. The Plaintiffs' equitable estoppel argument is merely another way of arguing that the discovery rule applies because actual fraud is involved.

The Plaintiffs have not alleged sufficient facts to support a conclusion that McCarthy is equitably estopped from asserting the two-year statute of limitations.

The Plea in Bar of McCarthy to the VCPA claim in Count Eight is sustained as such claim is time-barred. Therefore, Count Eight of the Motion for Judgment is dismissed with prejudice.

### Plea in Bar of Lewis Applicators
### to Count Seven of the Motion for Judgment

In Count Seven of the Motion for Judgment, it is alleged that Lewis Applicators was negligent *per se* in applying the EIFS on the exterior of the Plaintiffs' home. The negligence *per se* claim is based on alleged violations of the Virginia Uniform Statewide Building Code ("USBC").

Under the allegations of the Motion for Judgment, the home was completed and occupied by the Plaintiffs on or after January 27, 1997. This suit was not filed until January 4, 2002. Lewis Applicators asserts that the negligence *per se* claim is barred by the two-year statute of limitations in Va. Code § 8.01-243(A). I do not agree. The Plaintiffs are not seeking damages for personal injury. They seek damages for injury to their property, *i.e.*, property damage. As such the five-year statute of limitations period prescribed by Va. Code § 8.01-243(B) for injury to property applies.

At argument, counsel for Lewis Applicators asserted that it had done no work on the Plaintiffs' home after October 31, 1996. However, counsel for the Plaintiffs did not agree to that assertion.

The Motion for Judgment does not allege when Lewis Applicators applied the EIFS. It is alleged that the home was substantially completed in January 1997 with closing on January 27, 1997. As alleged, Lewis Applicators could have completed its work after January 4, 1997, and, therefore, the five-year statute of limitations would not have expired. I cannot determine from the allegations of the Motion for Judgment that Plaintiffs' negligence *per se* claim against Lewis Applicators is time-barred. Accordingly, the Plea in Bar is denied.

I note that this Plea in Bar (unlike the Plea in Bar of Lewis Applicators to the Cross-Claim of McCarthy) does not allege that Lewis Applicators performed no work on the house after October 31, 1996. Therefore, I considered the only ground asserted, *i.e.*, the running of a two-year statute of limitations, which for the reasons stated above I found not to be applicable.

*Demurrer of Lewis Applicators*
*to Count Seven of the Motion for Judgment*

Count Seven is the negligence *per se* claim against Lewis Applicators based on alleged violations of the USBC. Lewis Applicators demurs to this Court for the following three reasons:

1. The Motion for Judgment does not allege privity between the Plaintiffs and Lewis Applicators; hence, the Plaintiffs' claim for simple economic loss is barred.

2. The alleged violations of the USBC by Lewis Applicators do not amount to negligence *per se*.

3. The USBC does not apply to Lewis Applicators, a subcontractor, because it only imposes duties upon the permit holder.

I agree with Lewis Applicators as to the first two reasons. There is no need to address the third reason.

The Motion for Judgment alleges that the Plaintiffs contracted with McCarthy to construct their home and that McCarthy contracted with Lewis Applicators to install the EIFS on the home. Hence, there is no privity between the Plaintiffs and Lewis Applicators.

Under the general rule enunciated in *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419 (1988), and its progeny, lack of privity is a bar to a claim for economic losses. Applying this rule to the facts alleged in the Motion for Judgment, the Plaintiffs' negligence *per se* claim against Lewis Applicators would be barred unless the Plaintiffs' damages are not economic losses or Lewis Applicators breached a duty to the Plaintiffs not arising because of its contract to install the EIFS.

Despite how the Plaintiffs characterize their damages in terms of their safety, their damages are losses resulting from disappointed economic expectations. They are asserting that they did not receive the exterior to the home which they bargained for in their contract with McCarthy. There are no allegations that anyone suffered any personal injury or that property other than the home itself has been damaged by the alleged negligence of Lewis Applicators. An alleged risk of future personal injuries caused by mold and defects associated with EIFS is merely a component of the economic loss.

An argument that Lewis Applicators' failure to perform in accordance with the USBC jeopardized the Plaintiffs' health and safety in their home does not take their damage claim outside the realm of economic loss. The Plaintiffs do not allege that their health has been adversely affected or that they or others have received personal injuries. They do not allege that property other than the home has been damaged.

I conclude that the Plaintiffs seek to recover from Lewis Applicators solely for economic loss. Hence, their claim is barred unless some other duty is imposed on Lewis Applicators in favor of the Plaintiffs.

The Plaintiffs claim that they can recover in tort against Lewis Applicators because there is a duty imposed on it by law — to comply with the USBC — and Lewis Applicators violated this duty when it installed the EIFS. They claim that Lewis Applicators was negligent *per se* because it violated certain provisions of the USBC in installing the EIFS.

I agree with the Plaintiffs that a violation of the USBC is negligence *per se. MacCoy v. Colony House Builders, Inc.*, 239 Va. 64 (1990); *VEPCO v. Savoy Const. Co.*, 224 Va. 36, 45 (1982). However, the mere violation of the USBC does not constitute actionable negligence or make the violator guilty of negligence *per se*. In order for the violation to be actionable negligence *per se*, the injured person must be within the class of persons for whose benefit or protection the USBC was enacted. *See Williamson v. Old Brogue, Inc.*, 232 Va. 350, 355 (1986).

The USBC was enacted to protect the health, safety, and welfare of the citizens of the Commonwealth. Va. Code § 36-99(A). It was not enacted to protect homeowners from disappointed economic expectations. It was enacted to protect persons from being injured or their property (other than the property to which the USBC applies) from being damaged.

The USBC was not enacted to create for a homeowner a private right of action against a builder for noncompliance with the USBC.

Because of my decision as to the first two reasons, there is no need to address the third reason.

The Demurrer of Lewis Applicators is sustained. Court Seven (negligence *per se*) of the Motion for Judgment is dismissed with prejudice.

*Plea in Bar of Lewis Applicators*
*to Cross-Claim of McCarthy*

The basis of the Plea in Bar of Lewis Applicators to the Cross-Claim of McCarthy is that Lewis Applicators did no work on the Plaintiffs' home after October 31, 1996. Hence, any claim is barred by a statute of limitations, whether the claim is one of negligence, oral contract, or breach of warranty. The Cross-Claim does not allege when Lewis Applicators completed its work. It merely alleges that the home was completed in January 1997 and was built with an EIFS exterior installed by Lewis Applicators pursuant to an agreement between it and McCarthy.

At argument on the Plea in Bar, the parties did not agree that Lewis Applicators did no work after October 31, 1996. When Lewis Applicators completed the work is a disputed fact. I cannot rule based on the allegations of the cross-claim that McCarthy's claims against Lewis Applicators are time-barred.

It would appear that an evidentiary hearing would be necessary to determine when the statute of limitations commenced to run on McCarthy's claims. However, McCarthy was granted leave to replead its Cross-Claim after the Demurrer of Lewis Applicators was sustained. Therefore, I will deny this Plea in Bar with leave to Lewis Applicators to renew it after McCarthy files its Amended Cross-Claim.