# CIRCUIT COURT OF ARLINGTON COUNTY

John Skibinski et al.

v.

Mary Lunger et al.

June 7, 2006

Case No. (Civil) 06-152

BY JUDGE WILLIAM T. NEWMAN, JR.

This matter came before the Court on May 26, 2006, on Defendant Mary Lunger's Motion Craving Oyer, Demurrer, and Plea in Bar. Having taken the Plea in Bar under advisement and after reviewing the memoranda and arguments of the parties, the Court denies the Defendant's Plea in Bar as to Count I of the Complaint. The statute of limitations in an action for violation of the Virginia Consumer Protection Act ("VCPA") based upon allegations of misrepresentation, deception, or fraud begins to accrue when the violation is discovered or, by the exercise of due diligence, should have been discovered. The Court rejects the argument that the cause of action accrues at the time the injury is sustained.

*Procedural History and Argument*

The Plaintiffs, John Skibinski and Letitia Long, filed their Complaint on February 2, 2006, against Mary Lunger, William Lunger, and Re/Max Distinctive Real Estate, Inc. (The Plaintiffs originally filed a Motion for Judgment in this case in January 2005, but subsequently nonsuited on August 2, 2005.) The Complaint states that on April 29, 2000, Defendant Mary Lunger sold the property at 3224 North Abingdon Street, Arlington, Virginia, to the Plaintiffs. The Plaintiffs allege that structural defects and water damage to the

residence had been kept hidden by Mary Lunger and that she "willfully deceived" the Plaintiffs by actively concealing the evidence of these material defects in the home. The Plaintiffs seek recovery for Violation of the VCPA, Breach of Contract, Actual Fraud, Constructive Fraud, Fraudulent Inducement, and Conspiracy to Commit Fraud.

Defendant's Plea in Bar argues that Count I of the Complaint, which seeks recovery under the VCPA, is barred by the two-year limitations period, pursuant to Virginia Code § 59.1-204.1. Under that section, all individual actions shall accrue as provided in § 8.01-230, which in turn states that the period shall run from the date of the injury, not when the damage is discovered. Defendant argues that, at the latest, the Plaintiffs' action accrued in May of 2000, when the contract for sale was ratified and the Plaintiffs purchased the residence. The Plaintiffs did not commence their first suit until January 2005.

In their Opposition to the Plea in Bar, the Plaintiffs argue that § 8.01-249 provides an exception to the accrual rule under § 8.01-230. Pursuant to § 8.01-249, in actions for violations of the VCPA predicated on allegations of fraud or misrepresentation, the cause of action shall be deemed to have accrued when such fraud or deception is discovered or reasonably should have been discovered. The Complaint alleges that the damage to the Plaintiffs' home was not uncovered until August 16, 2004, when Mary Lunger first told the Plaintiffs that the house suffered from severe water damage. The Plaintiffs argue that, since the cause of action did not accrue until the fall of 2004, their Complaint was filed well within the limitations period.

### Accrual of the Cause of Action
### under the Virginia Consumer Protection Act

The Virginia Consumer Protection Act exists to "promote fair and ethical standards of dealings between suppliers and the consuming public." Va. Code Ann. § 59.1-177. The Act contains a number of prohibited practices, including the use of any "deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code Ann. § 59.1-200(14).

Assuming *arguendo* that the Plaintiffs' purchase of the home is a consumer transaction under the VCPA, the Plaintiffs' claim is subject to a two-year limitations period pursuant to Virginia Code § 59.1-204.1. That section also provides that the cause of action shall accrue as provided in § 8.01-230, which restates the traditional common law rule that a cause of action accrues when the injury occurs, regardless of when it is discovered. However, § 8.01-230 also

provides for a number of exceptions, as the rule does not apply "where otherwise provided under . . . § 8.01-249."

Virginia Code § 8.01-249 gives an alternate accrual provision for certain personal actions, such as "[i]n actions for fraud or mistake, *in actions for violations of the Consumer Protection Act (§ 59.1-196 et seq.) based upon any misrepresentation, deception, or fraud,* and in actions for rescission of contract for undue influence." Va. Code Ann. 8.01-249(1) (emphasis added). These causes of action shall accrue "when such fraud, mistake, misrepresentation, deception, or undue influence *is discovered or by the exercise of due diligence reasonably should have been discovered." Id.* (emphasis added).

This statute codifies an exception to the general statute of limitations rule for cases of fraud. The General Assembly has clearly provided that violations of the Consumer Protection Act that are based on allegations of fraud or misrepresentation are to be subject to this exception, and that the cause of action will not accrue until the fraudulent actions are discovered or reasonably should have been discovered.

The Defendant points to *Herman v. McCarthy Enterprises, Inc.,* 61 Va. Cir. 697 (Loudoun 2002), to support her claim that the underlying action in this case accrued pursuant to the general rule under § 8.01-230, as opposed to the exception provided by § 8.01-249. In the *Herman* case, the court analyzed a similar case involving a VCPA claim arising from the construction of a house. *Id.* The plaintiffs in that case argued that their VCPA claims were also actual fraud claims, and that therefore the "discovery rule" should be the measure for accrual of their cause of action. *Id.* at 699. However, the court concluded that the general statute of limitations period under § 8.01-230 applied to VCPA claims, noting that VCPA claims are statutorily created and that "[i]f the legislature had intended for a discovery rule to apply in cases of actual fraud, then it would have inserted such a provision in the VCPA. The legislature did not do so." *Id.*

The Plaintiffs counter with *Neal v. Haley Imports, Inc.,* 55 Va. Cir. 152, 153 (Chesterfield 2001), where the court concluded that "an action for violation of the VCPA, while having a two-year statute of limitations, will not accrue until the violation is discovered or by the exercise of due diligence reasonably should have been discovered, when such a violation is alleged to be due to fraud or mistake." The Plaintiffs argue that the reasoning in *Neal* is more compelling because the nature of their VCPA claim is fraud, and therefore such claims should be subject to the fraud exception under § 8.01-249.

Both the *Herman* and *Neal* decisions are instructive in this matter, but the relevant amendments to § 8.01-249 in the wake of these decisions tip the balance toward the "discovery" rule of accrual in VCPA actions. In 2005, the

426

General Assembly amended that statute to include an explicit provision for the VCPA, as § 8.01-249 now states that actions brought for violations of the VCPA based on "misrepresentation, deception, or fraud" shall accrue once the fraud is discovered or reasonably should have been discovered. Va. Code Ann. § 8.01-249. This relevant language had yet to be included when the *Herman* and *Neal* decisions were handed down. In fact, the court in *Herman* noted the absence of such a specific provision as being a basis for its decision. *See Herman*, 61 Va. Cir. at 699.

While § 8.01-249 now provides a specific directive on this issue, this amendment was not approved until March 2005, and did not become effective until July 1, 2005. 2005 Va. Acts, ch. 213. As such, the amended version of § 8.01-249 does not provide a decisive answer in the present case, as the cause of action accrued no later than the fall of 2004, according to Plaintiff's own pleadings. Because the cause of action certainly accrued before the amendment to § 8.01-249 went into effect, the amended version of the statute cannot be applied to the present case.

Even though the amendment to § 8.01-249 cannot be directly applied here, the fact that the General Assembly added this additional language to the statute is noteworthy, as it evinces an intent on their part to ensure that violations of the VCPA were included among those actions for fraud that are subject to the "discovery" rule for accrual of a cause of action. The amendment seemingly codified the decision in *Neal* and settles any question on this matter for future cases. This provides clear support for the conclusion reached by the court in *Neal*, in that a cause of action for violation of the VCPA that is based upon allegations of fraud and misrepresentation should be subject to accrual pursuant to § 8.01-249. Even in the absence of the amendment to § 8.01-249, the Court finds the reasoning of the *Neal* decision to be persuasive on this issue. *See Neal*, 55 Va. Cir. at 153-54. While the "discovery" rule only applies to a narrow class of actions, this Court concludes that VCPA violations that are based on allegations of fraud are part of this same class.

As such, claims for violations of the Consumer Protection Act that are based upon any misrepresentation, deception, or fraud shall be deemed to accrue when such fraud is discovered or by the exercise of due diligence reasonably should have been discovered. In reviewing the Complaint, the Plaintiffs have adequately stated that their VCPA claim is based on the alleged misrepresentations and fraudulent conduct undertaken by Defendant Mary Lunger and that they did not discover this conduct until August of 2004. Therefore, the accrual of the Plaintiffs' claim is subject to the fraud exception

pursuant to § 8.01-249 and is not barred by the two-year statute of limitations period under § 59.1-204.1.

For the foregoing reasons, the Court rules that the Defendant's Plea in Bar as to Count I of the Complaint is denied.