# CIRCUIT COURT OF ARLINGTON COUNTY

John Skibinski et al.

v.

Mary Lunger et al.

August 18, 2006

Case No. (Civil) 06-152

By Judge WILLIAM T. NEWMAN, JR.

This matter came before the Court on July 24, 2006, on Plaintiffs John Skibinski and Letitia Long's Motion for Reconsideration, as well as Defendant Mary Lunger's Motion for Reconsideration. Having taken both matters under advisement and reviewed the memoranda and arguments of the parties, the Court denies both Motions for Reconsideration.

## I. *Procedural History*

The Plaintiffs, John Skibinski and Letitia Long, filed their Complaint on February 2, 2006, against Mary Lunger, William Lunger, and Re/Max Distinctive Real Estate, Inc. (The Plaintiff originally filed a Motion for Judgment in this case in January 2005, but subsequently nonsuited on August 2, 2005.) The Complaint states that, on April 29, 2000, Defendant Mary Lunger sold the property at 3224 North Abingdon Street, Arlington, Virginia, to the Plaintiffs. The Plaintiffs allege that structural defects and water damage

to the residence were hidden by Mary Lunger and that she "willfully deceived" the Plaintiffs by actively concealing the evidence of these material defects in the home. The Plaintiffs seek recovery for violation of the Virginia Consumer Protection Act ("VCPA"), Breach of Contract, Actual Fraud, Constructive Fraud, Fraudulent Inducement, and Conspiracy to Commit Fraud.

The Defendants filed a plea in bar against the VCPA claim, arguing that the claim was barred by the two-year statute of limitations period, and demurred to both of the breach of contract claims brought by the Plaintiffs. On May 26, 2006, the Court heard argument on both the demurrer and plea in bar. The Court sustained the demurrer as to both of the breach of contract claims and took the issue of the plea in bar under advisement. On June 7, 2006, the Court issued a letter opinion denying the Plea in Bar.[1] The Court's order regarding both the plea in bar and the demurrer was entered on July 17, 2006. However, this order was suspended on July 24, 2006, to allow the Court to consider the respective Motions for Reconsideration.

## II. *Defendant's Motion for Reconsideration*

The Defendant's Motion for Reconsideration raises a new issue for the Court to consider. The Defendants state that the 2005 Amendment to Va. Code § 8.01-249 is clear evidence that VCPA claims were not previously subject to the "discovery rule" exception under that statute. The Defendant argues that, while the statute clearly includes VCPA claims now, the amendment itself demonstrates that such claims were not previously included. Because the amendment to the statute did not state that the changes were declaratory of existing law, the Defendant concludes that the inclusion of VCPA claims in the 2005 amendment can mean only that such claims were not covered under the prior version of the statute.

When new provisions are added to existing legislation, it is presumed to bring about a change in the law unless there is a clear indication that the General Assembly intended that the amendment serve only to be declaratory of existing law. *Boyd v. Commonwealth*, 216 Va. 16, 20 (1975) (citing *Richmond v. Sutherland*, 114 Va. 688, 693 (1913)). However, as *Boyd* makes clear, this is merely a presumption, subject to exception in certain circumstances. *Id.* In the *Boyd* case, there were inconsistent rulings by trial courts of the Commonwealth regarding the statute in question, and the

---

[1] This opinion is printed at 70 Va. Cir. 423. [Reporter's Note]

relevant amendments followed the passage of the statute within a year. *Id.* The Court stated that when amendments are enacted soon after controversies arise "as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act, a formal change, rebutting the presumption of a substantial change." *Id.* (citing 1A, *Sutherland Statutory Construction*, § 22.31 at 184 (4th ed. C. Sands 1972). The Court held that the amendments were merely changes of form that interpreted the statute and made it more "detailed and specific." *Boyd*, 216 Va. at 20. *See also Horner v. Department of Mental Health*, 268 Va. 187, 193 (2004) ("the amendments in *Boyd* were changes in form, which merely interpreted the existing law and made it more specific.")

The present case is comparable to *Boyd* because there were conflicting circuit court decisions regarding the issue of whether Va. Code § 8.01-249 included VCPA claims based on fraud or mistake. *See Herman v. McCarthy Enterprises, Inc.*, 61 Va. Cir. 697, 699 (Loudoun 2002) (finding that VCPA claims were not included); *Neal v. Haley Imports, Inc.*, 55 Va. Cir. 152, 153 (Chesterfield 2001) (holding that VCPA claims based on fraud or mistake were included). The 2005 Amendment to § 8.01-249 followed both of these cases, adding specific language that allowed for application of the "discovery rule" in claims for violation of the VCPA based upon misrepresentation, deception, or fraud.

In the present case, the Court finds that the 2005 amendment served to interpret the existing law following inconsistent rulings by two circuit courts, making the language of the statute more specific to clearly include VCPA claims based upon fraud or mistake. The changes were not substantive, as "questions involving the statute of limitations have almost universally been held to be procedural in nature." *Vaughan v. Callear*, 5 Va. Cir. 366, 371 (1987); *see also Roller v. Basic Construction Co.*, 238 Va. 321, 327 (1989); *School Board of the City of Norfolk v. United States Gypsum Co.*, 234 Va. 32, 37 (1987). The 2005 Amendment does not serve as evidence that VCPA claims based on fraud or mistake were not previously included under § 8.01-249. The amendment served as a legislative interpretation of the original act, making the statute more specific to ensure the VCPA claims based upon fraud or mistake were clearly covered under § 8.01-249.

Additionally, the Court notes that its original opinion on this issue clearly stated that its finding did not hinge on the 2005 amendment. The Court's prior opinion clearly held that even in the absence of the amendment to § 8.01-249, the Court found the reasoning of the *Neal* decision to be persuasive on this issue. The latest arguments regarding the effect of the amendment has not changed the opinion of this Court. In this case, claims for

violation of the Virginia Consumer Protection Act that are based upon any misrepresentation, deception, or fraud shall be deemed to accrue when such fraud is discovered or by the exercise of due diligence reasonably should have been discovered. Based upon the allegations in their Complaint, the accrual of the Plaintiffs' claim is subject to the fraud exception pursuant to § 8.01-249, and is not barred by the two-year statute of limitations period under § 59.1-204.1. Therefore, the Defendant's Motion for Reconsideration is denied.

### III. *Plaintiff's Motion for Reconsideration*

The Court also denies the Plaintiffs' Motion for Reconsideration. The Plaintiffs' first claim for breach of contract, Count VII of the Complaint, is in actuality a claim for fraud. The Plaintiffs' second claim for breach of contract, Count II of the Complaint, is based upon paragraph 16 of the contract between the parties. However, a careful reading of that paragraph gives no indication that the contract included a requirement that the Defendants be in compliance with the Arlington County Building Code for violations that were not cited at the time of sale. The paragraph in question deals solely with the issue of the proper conveyance of title to the property as between the parties.

For the foregoing reasons, the Court rules that both the Plaintiffs' Motion for Reconsideration and the Defendant's Motion for Reconsideration are denied.