## CIRCUIT COURT OF HENRICO COUNTY

Willis Reid Cornwell, II

v.

Glen T. Gardner et al.

April 2, 1979

Case No. 78L153

By JUDGE E. BALLARD BAKER

This relates to the demurrer filed by Gene Kline to the third-party motion for judgment of Glen T. Gardner and Allen F. Gardner.

The motion alleges that ". . . Gene Ellen Kline, was guilty of negligence which efficiently contributed to cause the plaintiff's injuries and damages, if any, and that, therefore, the third party plaintiffs would be entitled to contribution of a joint tort feasor from the third party defendant, Gene Ellen Kline." This is all related to the possibility of Gardner being held liable, not to the possibility that Kline might be solely at fault.

This third-party action is based on contribution. A cause of action for contribution arises ". . . only when. . . one tort feasor has paid a claim for which they are both liable." This is a rule of substantive law. Nationwide v. Jewell, 202 Va. 527.

Rule 3:10 providing for third-party practice is a procedural thing and does not create a cause of action for contribution prior to payment. At this

moment, Gardner has no cause of action for contribution against Kline.

The outcome turns on the meaning of the words of Rule 3:10 ". . . who is or may be liable to him for all or part of the plaintiff's claim against him. . ."

If Gardner is liable to Cornwell, Kline may be liable to Gardner for at least a part of the claim - based on the allegations and if Gardner makes payment to Cornwell. The concept of third-party practice looks to the future, that is, the outcome of the main claim on which the third-party claim depends. For that reason "may be liable" should not be restrictively read to mean just the immediate present, but also should be construed to relate to the outcome of the pending main claim and the third-party claim if it also was tried. However, so construing ". . . may be liable. . ." still does not overcome the problem that Gardner, even if the trial of the main claim and the third-party claim find both Gardner and Kline negligent, has no right of contribution until he has paid any judgment against him.

The third-party procedure, if granted, does not put the case in the same posture it would have if Cornwell had brought suit against Gardner and Kline as co-defendants.

On the allegations of the third-party motion, it does not appear to me that Gardner has alleged a substantive claim of contribution which exists or would exist at the conclusion of the trial if the third-party claim was tried with the main claim.

In my view the demurrer should be sustained.