831 F.2d 1057
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Perry CLINKSCALES, Jr., State Farm Mutual Automobile
Insurance Company, Defendants-Appellants.
 No. 87-1522.
 United States Court of Appeals, Fourth Circuit.
 Argued July 30, 1987.
Decided Oct. 20, 1987.
 
 Edward Harrison Grove, III (Brault, Palmer, Grove & Zimmerman on brief) for appellants.
 Fred Calvin Alexander, Jr. for appellee.
 E.D.Va.
 AFFIRMED.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges. Edward Harrison Grove, III (Brault, Palmer, Grove & Zimmerman on brief) for Appellants; Fred Calvin Alexander, Jr. for Appellee.
 PER CURIAM:
 
 
 1
 Appellants Perry J. Clinkscales, Jr. and State Farm Mutual Automobile Insurance Company appeal from the district court's entry of judgment against them for contribution of $27,500. Appellants contend that the jury's verdicts in the underlying actions did not establish that Perry Clinkscales, Jr. was contributorily negligent, thereby subjecting him to an action for contribution as a joint tortfeasor.
 
 
 2
 On July 17, 1983 Osborne Turner and Perry Clinkscales, Jr. were the respective operators of two automobiles which collided in Fairfax County, virginia. The accident resulted in bodily injuries to Perry Clinkscales, Jr. and his passengers, Georgia Clinkscales, his wife, and Ellen Curry, his sister-in-law.
 
 
 3
 Each of the injured parties in the Clinkscales cluster (Perry Clinkscales, Jr., Georgia Clinkscales and Ellen Curry) brought civil actions seeking money damages from Turner. The actions were consolidated. All three plaintiffs were represented by the same counsel. Turner pleaded contributory negligence as an affirmative defense in each of the three actions.
 
 
 4
 Turner presented testimony indicating that Perry Clinkscales, Jr. was lost and that upon missing an exit ramp he stopped his vehicle in the roadway in front of Turner, thereby causing the collision.
 
 
 5
 On February 26, 1986, judgments were entered on jury verdicts in favor of Georgia Clinkscales against Turner for $50,000, in favor of Ellen Curry against Turner for $5,000, and against Perry Clinkscales, Jr. in favor of Turner. Nationwide paid the $55,000 in judgments against Turner on or about March 14, 1986.
 
 
 6
 On July 17, 1983 Nationwide filed suit against Perry Clinkscales, Jr. and State Farm for contribution of one-half of the $55,000, claiming that Perry Clinkscales, Jr. was a joint tortfeasor in his accident with Turner.
 
 
 7
 The district court entered judgment against Perry Clinkscales, Jr. and State Farm, jointly and severally, for $27,500, interest,. and costs. Perry Clinkscales, Jr. and State Farm have appealed.
 
 
 8
 It is evident from the prior consolidated personal injury actions that the jury found that Perry Clinkscales, Jr. was contributorily negligent in causing the accident. The verdicts followed a specific inquiry from the jury to the court as to whether it could find for Georgia Clinkscales and Ellen Curry, yet at the same time return a verdict against Perry Clinkscales, Jr. The court replied that such a result would be possible if they found that Perry Clinkscales, Jr. had been contributorily negligent.
 
 
 9
 Virginia law permits an action for contribution based on a claim that a party's contributory negligence made him a joint tortfeasor. Nationwide Mutual Insurance Co. v. Jewel Tea Co., 202 Va. 527, 118 S.E.2d 646 (1961); Va. Code Sec. 8.0134. Here, Nationwide established Perry Clinkscales, Jr.'s status as a joint tortfeasor by introducing evidence of the earlier consolidated negligence action. The district court applied principles of issue preclusion and barred the defendants from denying that Perry Clinkscales, Jr.'s negligence contributed to the accident.
 
 
 10
 The defendants contend that application of issue preclusion is unfair because they could not have foreseen the possibility of being the defendants in a suit for contribution. Nationwide's right to bring an action for contribution, however, logically follows from Turner's successful assertion of contributory negligence. As a result, the defendants should have foreseen the possibility of an action for contribution.
 
 
 11
 Furthermore, we agree with the district court that: Perry Clinkscales, Jr. had a fair opportunity and motive to defend the allegation of his negligence in the consolidated personal injury actions; liability, in the absence of contributory negligence, having been established, it was proper for the insurance companies to be named parties in the action; the present plaintiff's claim for contribution was not barred by the failure of Ellen Curry and Georgia Clinkscales to allege in their actions that Perry Clinkscales, Jr. was negligent; the statute of limitations did not begin to run against the plaintiff in its action for contribution until it had actually paid the judgments; and contribution was otherwise proper. Accordingly, the judgment of the district court is affirmed.[1]
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 We find no merit to defendant's contention that plaintiff's contribution claim was barred under Rule 13 of the Federal Rules of Civil Procedure as a compulsory counterclaim which should have been brought in the underlying action. Contribution could only be asserted when the claims of Georgia Clinkscales and Ellen Curry were paid, not before. See Va. Code Sec. 8.01-249(5) (1986 Cum. Supp.) codifying the rule expressed in Nationwide Mutual Insurance Co. v. Jewel Tea Co., Inc., 202 Va. 527, 532, 118 S.E.2d 646 (1961)