**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-1802**

———————————

FIRST AMERICAN TITLE INSURANCE COMPANY,

Plaintiff – Appellee,

v.

WESTERN SURETY COMPANY,

Defendant – Appellant,

and

FIRST ALLIANCE TITLE, INCORPORATED,

Defendant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:09-cv-00403-LO-IDD)

———————————

Argued: May 12, 2011                    Decided: August 8, 2012

———————————

Before DUNCAN and AGEE, Circuit Judges, and David C. NORTON, United States District Judge for the District of South Carolina, sitting by designation.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ARGUED**: Richard Thomas Pledger, WALLACEPLEDGER, PLLC, Richmond, Virginia, for Appellant. David H. Cox, JACKSON & CAMPBELL, PC, Washington, D.C., for Appellee. **ON BRIEF**: Thomas J. Moran, Erick F. Seamster, WALLACEPLEDGER, PLLC, Richmond, Virginia, for

Appellant. Paul D. Smolinsky, JACKSON & CAMPBELL, PC, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The factual and procedural background of this case are discussed in our prior order, <u>First American Title Insurance Co. v. Western Surety Co.</u>, 447 F. App'x 437 (4th Cir. August 2, 2011) (unpublished) (hereinafter "<u>FATIC Cert. Order</u>"). In that order, we certified to the Supreme Court of Virginia ("SCV"), pursuant to Rule 5:40 of the Rules of the SCV, the following three questions:

> 1. Does the Virginia Consumer Real Estate Settlement Protection Act, Va. Code Ann. § 6.1-2.19 <u>et</u> <u>seq</u>. (recodified at Va. Code Ann. § 55-525.16 <u>et.</u> <u>seq</u>.) ("CRESPA")[1] recognize a private cause of action that may be asserted against a surety and the surety bond issued pursuant to Va. Code Ann. § 6.1-2.21(D)(3) (recodified at § 55-525.20(B)(3)) by a party other than the State Corporation Commission?
>
> 2. If Question 1 is answered in the negative, does Virginia law nonetheless permit a cause of action against a surety and the surety bond issued pursuant to Va. Code Ann. § 6.1-2.21(D)(3) (recodified at § 55-525.20(B)(3)) by the assertion of a common law claim such as for breach of contract as in this case?
>
> 3. If Questions 1 or 2 are answered in the affirmative, does a title insurance company have standing, either in its own right or as a subrogee of its insured, to maintain a cause of action against a surety and the surety bond issued pursuant to Va. Code Ann. § 6.1-2.21(D)(3) (recodified at § 55-525.20(B)(3))?

---

[1] At the time of its promulgation in 1997, CRESPA was codified at Va. Code Ann. § 6.1-2.19 <u>et</u> <u>seq</u>. After the entry of final judgment below, CRESPA was amended and recodified at Va. Code Ann. § 5-525.16 <u>et</u> <u>seq</u>. Because the former section numbers were used by the district court in its rulings and the parties in their briefs, we also utilize them.

See generally id.

The SCV accepted our certification request and answered all three questions. See First Am. Title Ins. Co. v. Western Sur. Co., 722 S.E.2d 637 (Va. 2012). Specifically, the SCV answered the first question in the negative, concluding that CRESPA does not itself provide a cause of action against a CRESPA bond. Id. at 640. In answering the second and third questions, the SCV first concluded that a common law breach of contract action is permitted against the surety of a CRESPA bond. Id. at 641-42. It then held, however, that "FATIC, as SunTrust's title insurer in this case, was not one of the parties the CRESPA bond is meant to protect." Id. at 642. Thus, FATIC did not "have standing in its own right to maintain a cause of action against a surety and the surety bond issued pursuant to [CRESPA]." Id. at 642. Nonetheless, the SCV recognized that "a title insurance company, such as FATIC in this case, may have standing as a subrogee of its insured to maintain a cause of action" against a CRESPA bond. Id. at 643.

In view of the SCV's answers to the certified questions, it is now clear that the district court's ruling, which was that FATIC had standing in its own right to maintain a cause of action against Western Surety, is not correct. The SCV expressly left open the possibility, however, that FATIC could recover on

4

its alternative theory asserted in Count II, _i.e._, that it could recover as a subrogee of its insured, SunTrust.

While this Court could remand the case for the district court to determine, in the first instance, whether FATIC can recover as SunTrust's subrogee, we decline to do so. The subrogation issue was briefed by the parties as part of the cross-motions for summary judgment and was also fully briefed and argued before this Court.[2] Additionally, the three arguments that Western Surety presents in opposition to FATIC's subrogation claim already have been rejected by either this court or by the SCV.[3]

---

[2] _See_ Resp. Br. at 16-18; Reply Br. at 20-24.

[3] Western Surety argues the following in opposition to FATIC's contention that it is entitled to final judgment now on its subrogation count: (1) that "no private party may maintain a cause of action against a CRESPA bond"; (2) SunTrust never had any rights against the CRESPA bond because "its claim was strictly related to a defect in title," and thus there is no right to the CRESPA bond of subrogation for FATIC to acquire as subrogee; and (3) as a matter of equity, FATIC should not be entitled to recover as subrogee because First Alliance acted as an agent of FATIC. _See_ Reply Br. at 20-21.

The first of these arguments was squarely rejected by the SCV, the second was rejected by the reasoning of the SCV, _see_ First Am. Title Ins. Co._, 722 S.E.2d at 643 (holding that a title insurance company "may have standing as a subrogee of its insured to maintain a cause of action" against a CRESPA bond), and the third we rejected in our order of certification, just as the district court did below. _See_ FATIC Cert. Order_, 447 F. App'x at 440 n.4 (noting we would affirm the judgment of the district court on various issues); J.A. 804-11 (district court's opinion explaining reasons why First Alliance was not acting as FATIC's agent for purposes of settlement). Thus, we conclude
(Continued)

5

Accordingly, rather than remand the case, we will decide the subrogation issue on the complete record before us. Jackson v. Kimel, 992 F.2d 1318, 1322 (4th Cir. 1993) ("In reviewing the grant of summary judgment, we can affirm on any legal ground supported by the record and are not limited to the grounds relied on by the district court."). In this case in particular, in which the proceedings have been ongoing now for several years, a remand to the district court for initial consideration of this issue "would be an unnecessary waste of judicial and litigant resources." See O'Reilly v. Bd. of Appeals, 942 F.2d 281, 284 (4th Cir. 1991); see also SEC v. Chenery Corp., 318 U.S. 80, 88 (1943) ("[I]n reviewing the decision of a lower court, it must be affirmed if the result is correct although the lower court relied upon a wrong ground or gave a wrong reason. The reason for this rule is obvious. It would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate.") (internal quotation marks and citation omitted).

---

that none of these grounds bar FATIC's entitlement to recovery as a subrogee of SunTrust.

Turning to the merits of FATIC's subrogation claim under Count II,[4] Virginia law provides that "when any insurer pays an insured under a contract of insurance which provides that the insurer becomes subrogated to the rights of the insured against any other party the insurer may enforce the legal liability of the other party." Va. Code Ann. § 38.2-207; see also First Am. Title Ins. Co., 722 S.E.2d at 642 (quoting same). It is undisputed, and indeed the SCV recognized in its opinion in this case, that the title insurance policies between FATIC and SunTrust expressly render FATIC subrogated to the rights of SunTrust. Id.; see also J.A. 363, 375 (pertinent language in policies). Additionally, Virginia has long recognized that an insurer who pays a loss on an insured's behalf has an equitable right to be subrogated to that insured. See First Am. Title Ins. Co., 722 S.E.2d at 642 (collecting authority); see also, e.g., Nationwide Mut. Ins. Co. v. Jewel Tea Co., 118 S.E.2d 646, 649–50 (Va. 1961) (allowing claim by insurer as subrogee to its insured).

---

[4] To be clear, we conclude herein that FATIC is entitled to recover as a subrogee of SunTrust, as asserted in Count II of its Complaint. We do not award FATIC relief under Count III of its Complaint, in which it asserted a claim as assignee of First Alliance, based on a settlement agreement in a separate action. The district court dismissed Count III and our holding does not affect that dismissal.

In short, FATIC has succeeded to SunTrust's right to recover under the CRESPA bond, as recognized by the SCV in this case. See First Am. Title Ins. Co., 722 S.E.2d at 642-43 ("FATIC, as a subrogee of SunTrust, has succeeded to SunTrust's relevant rights . . . [and] may have standing as a subrogee of its insured to maintain a cause of action against a surety and the [CRESPA bond]." Id. at 643. Furthermore, as we explained supra at note 3, we have carefully considered Western Surety's arguments to the contrary and find them to be meritless. Accordingly, we affirm the award of summary judgment by the district court in favor of First American Title Insurance Company, although for reasons different than those stated by the district court.

AFFIRMED